## ENGLISH v. LANDA MOTOR LINES et al.
### No. 9293.

Court of Civil Appeals of Texas. Austin.
Nov. 18, 1942.

Rehearing Denied Dec. 9, 1942.

Rawlings, Sayers & Scurlock, of Fort Worth, for appellant.

J. M. & Sam P. Burford, of Dallas, and A. S. Rollins, of Greenville, for appellee.

BLAIR, Justice.

An appeal by appellant, H. E. English, from an order of the Railroad Commission granting to appellee Landa Motor Lines a certificate of convenience and necessity to operate a common carrier motor carrier service over certain Texas highways, resulted in judgment of the trial court sustaining the order, which judgment we affirm.

The facts pertinent to the questions presented show that the Louisiana & Arkansas Railway Company, called L & A company, is a corporation operating a common carrier railroad in Texas, its place of incorporation and charter powers not being shown. Appellee Landa Motor Lines is a Texas corporation created for the purpose of operating the common carrier motor carrier service authorized by the certificate in question, and it is a subsidiary of the L & A company through stock ownership and a common directorate. The only interest of appellant in the operation involved is that of a competitor operating a similar carrier service.

Appellant contends that since appellee Landa Motor Lines is but the instrumentality or alter ego of the L & A company, it cannot operate the common carrier motor carrier service, because such operation is ultra vires of its railroad corporate powers; and is also in violation of art. 1349, Vernon's Ann.Civ.St. which provides that: "No corporation, domestic or foreign, doing business in this State, shall employ or use its stock, means, assets or other property * * * for any purpose whatever

other than to accomplish the legitimate business of its creation, or those purposes otherwise permitted by law."

■ These contentions are not sustained for two reasons. In the first place the only interest of appellant in the operation under the certificate involved is that of a competitor, and he cannot raise either before the Commission or elsewhere the question of whether the operation is ultra vires. of the charter powers of the L & A company; nor the question of whether such operation by the L & A company through the subsidiary corporation is an illegal employment or use of the L & A company's stock or other property in violation of the provisions of the statute quoted. These questions can be raised only by one interested in the corporation, or by the State.

■ In Staacke v. Routledge, 111 Tex. 489, 241 S.W. 994, 999, the court say: "The general rule is that the question of whether or not a corporation has acted in excess of ' its lawful powers can only be raised by one interested in the corporation, or in a direct proceeding brought by the state, either to forfeit the charter or to subject it to punishment for the unlawful act. [New Orleans, M. & T.] Railroad Co. v. Ellerman, 105 U. S. 166, 173, 26 L.Ed. 1015; 7 R.C.L. 532, § 516."

And clearly decisive of the questions here presented is the holding in Webster v. Texas & Pacific, etc., Co., Tex.Civ.App., 159 S.W.2d 902, 904, where in reviewing the provision of Sec. 5 of Art. 10 of the Texas Constitution, Vernon's Ann.St. inhibiting one railroad corporation from owning a parallel or competing line, and after quoting the rule from Staacke v. Routledge, supra, the court say: "Under above holdings, we think that even if the constitutional provision in question denies the railroad company the power to control appellee in the instant case, this question cannot be raised by appellants, since the only question involved in this appeal is the validity of the Commission's action in granting the permit."

■ See, also, Atlas Pet. Co. v. Galveston, H. & S. A. Ry. Co., Tex.Civ.App., 5 S.W.2d 215; Baker v. Farmers' Welfare Union, Tex.Civ.App., 3 S.W.2d 155; Christopher v. El Paso, Tex.Civ.App., 98 S. W.2d 394; 19 C.J.S., Corporations, § 981, p. 443; 13 Am.Jur. 790, which state that generally a private person, a stranger to the transaction, cannot question the want or abuse of power of a corporation.

■ In the second place the Commission had no power or authority to determine the legal or judicial questions urged by appellant as grounds for declaring the order complained of invalid. Whether the operation of the common carrier motor carrier service authorized by the certificate in question by L & A company through its subsidiary Landa Motor Lines is ultra vires of the charter powers of the L & A company, or whether such operation is an illegal employment or use of the stock of L & A company in violation of the provisions of the statute above quoted, or whether the arrangement or agreement for the operation between the L & A company and the subsidiary Landa Motor Lines is illegal, are all legal or judicial questions which the Commission cannot determine. The statutes which confer the power or authority upon the Commission to issue a certificate of convenience and necessity to operate a common carrier motor carrier service over the Texas highways do not confer any power or authority upon the Commission to determine such legal or judicial questions. Vernon's Ann.Civ.St. Art. 911b; Railroad Comm. v. Rau, Tex. Civ.App., 45 S.W.2d 413.

■■ We are also of the view that since appellant cannot raise and the Commission cannot determine the grounds of attack made by appellant upon the order granting Landa Motor Lines a certificate of convenience and necessity to operate the common carrier motor carrier service in question, the attack made is but a collateral attack upon the corporate charter of appellee Landa Motor Lines, which was duly incorporated when the Secretary of State approved and filed its charter. Having so obtained its charter to operate the common carrier service in question, the want of power of the corporation to operate the service can only be raised by one interested in the corporation, or by the State. And having so obtained its charter to operate the service the authority or power of the Commission extended only to a determination of whether appellee Landa Motor Lines complied with the other requisites of the motor transportation statutes and whether the public convenience and necessity required or needed the service. See Art. 911b et seq., Vernon's Ann.Civ.St. No question is raised that appellee did not meet the requirements of the statute, or that the public convenience and necessity did not require or need the service.

Appellant further contends that the trial court erred in holding that the Commission's order of December 26, 1940, denying appellee Landa Motor Lines a certificate of convenience and necessity to operate the service in question was not a final order, and in holding that the Commission had the authority or jurisdiction to thereafter review and set aside said order of December 26, 1940. This contention is not sustained.

The pertinent facts show that on December 7, 1940, after a hearing, the Commission granted the application of appellee Landa Motor Lines to operate the common carrier motor carrier service in question. Appellant, a party to the hearing, without filing a motion for a rehearing, and through its counsel, prepared an order, captioned an "Order Granting Common Carrier Application," but which in the body of the order denied the application of appellee. This order was dated December 26, 1940, and was on that date presented to and signed by Commissioner Thompson at Camp Bowie, and on the same day was presented to and signed by Commissioner Smith at another place. The order was not called to the attention of Commissioner Sadler, and he did not sign it or know about it. On December 27, 1940, appellant filed a motion for rehearing of the December 7, 1940, order, and on December 28, 1940, an order signed only by Commissioner Smith overruled it. The order of December 26, 1940, was not filed with the Commission until December 30, 1940, which was the first notice appellee had of such order, which recited that it was final. No hearing of any kind was held by the Commission before the order of December 26, 1940, was signed by the two Commissioners as above stated. On January 14, 1941, appellee filed a motion for rehearing of the order dated December 26, 1940, and on February 10, 1941, after notice and hearing, the Commission entered an order overruling the motion filed by appellant on December 27, 1940, and granted the motion filed by appellee on January 14, 1941, and affirmed and approved the order of December 7, 1940, and declared same to be its final order; and on February 10, 1941, issued the certificate of convenience and necessity complained of to appellee Landa Motor Lines.

The trial court concluded that under these facts the Commission had the right to review the order of December 26, 1940,

and to set it aside; and further that said order was void because entered without notice and hearing, and was not the act of the Commission, but the act of two members acting individually and separate and apart from each other. We sustain these conclusions of the trial court, and particularly the latter, which declared the order of December 26, 1940, to be void because it was not the act of the Commission, but the act of two members acting individually and separate and apart from each other, and without notice or hearing. This exact question was presented to the Supreme Court in the case of Webster v. Texas & Pacific Motor Transport Co., Tex. Sup., 166 S.W.2d 75 (opinion not yet reported [in State reports]), and on November 11, 1942, the court held such action, or such an order, to be void. Further discussion of the matter is unnecessary.

The judgment of the trial court is affirmed.