RAILROAD COMMISSION et al. v. CONTINENTAL BUS SYSTEM, Inc., et al.

No. 9907.

Court of Civil Appeals of Texas. Austin.

May 10, 1950.

Rehearing Denied May 31, 1950.

Price Daniel, Atty. Gen. of Texas, and Charles E. Crenshaw, Asst. Atty. Gen., for Railroad Commission of Texas.

Robert H. Kelley, of Kelley, Mosheim & Ryan, of Houston, and Hardy Hollers, of Austin, for Missouri-Pacific Transportation Co.

Rankin, Kilgore & Cherry, of Edinburg, and A. M. Felts of Austin, for Union Bus Lines, Inc.; Carl B. Callaway, of Callaway & Reed, of Dallas, for Continental Bus System, Inc.

Gist & Wilson, of Tyler, for Transcontinental Bus System, Inc.

HUGHES, Justice.

On the 4th day of April, 1950, the trial court granted a temporary injunction restraining the Railroad Commission of Texas and its members from permitting inauguration and operation by the Missouri Pacific Transportation Company of a motor bus service over routes as authorized by order of the Commission dated March 27,

1950. The transportation company was similarly enjoined.

This temporary injunction was granted upon the petition of Continental Bus System, Inc., Transcontinental Bus System, Inc., and Union Bus System, Inc., filed in the court below on March 30, 1950.

The petition alleged that the order of March 27 was released by the Commission "without providing or inserting the clause allowing twenty days from the date of said order within which to file exceptions thereto, all of which is contrary to law and contrary to the rules and regulations of the Commission."

The petition further alleged: "* * * the Commission in this instance promulgated and released its order of date March 27, 1950, without providing for the twenty (20) days within which the parties, including the plaintiffs herein, might file exceptions to said order, and put the same out as a final order immediately effective, and the plaintiffs allege on information and belief that the Commission, unless restrained from doing so, will immediately issue a certificate based on said order, and that the defendant, Missouri Pacific Transportation Company, will immediately inaugurate its operations thereunder, thus depriving the plaintiffs of the right to file exceptions thereto, and thus depriving the plaintiffs of the rights provided for by statute and by the rules and regulations of the Commission and said General Order No. 79."

Elaborating this point further, the petition continued:

"Said order as released on March 27, 1950, is especially unjust, unreasonable and arbitrary in that the same is contrary to and directly in contravention of the law and of the rules and regulations of the Railroad Commission of Texas, in that it did not provide or allow the protestants, plaintiffs herein, the twenty (20) days called for in the rules and regulations of the Commission within which to file exceptions to said order, and denied the plaintiffs part of their administrative relief provided for by statute and by the rules and regulations of the Commission, and has the effect of depriving them of property without due process of law.

"That the plaintiffs were entitled to have the twenty (20) days provided by the rules and regulations of the Commission within which to file exceptions and call the defects in said order to the attention of the Commission, and present law and argument in support thereof, but that on account of the arbitrary action of the Commission, and because of the fact that the Commission promulgated and released its order of date March 27, 1950, without promulgating and releasing the same in the form of an order allowing the plaintiffs the twenty (20) days provided by the rules and regulations of the Commission within which to file exceptions, the plaintiffs have been deprived of a valuable right."

Two other grounds for injunctive relief, i. e. that the order of March 27 was not reasonably supported by substantial evidence and that the legal status of the transportation company did not authorize it to operate a motor bus service, while pleaded, are not made issues on this appeal.

The trial court after having found that appellees would suffer irreparable damage unless the injunction was granted concluded as a matter of law that he was "granting the temporary injunction herein on the evidence of irreparable injury, and in addition thereto, solely and exclusively for the reason that the Order of March 27, 1950, did not include the provisions required by the Commission's Rules for the allowance of 20 days for the filing of exceptions and motions and for the Order to become final."

If the trial court erred in this conclusion of law then the only basis for issuance of the injunction supported either by pleading or finding disappears.

We believe the trial court did so err. This conclusion does not require a detailed statement of the facts and we will be as brief as possible.

On July 27, 1948, appellant transportation company filed with the Commission an application for a certificate of public convenience and necessity to operate a passenger-carrying motor bus line between

West Columbia and Corpus Christi and between numerous other points in that locality.

This application was protested and contested by appellees. After extended hearings and oral arguments the Commission by its order of July 20, 1949, granted the application in its entirety.

Within twenty days from July 20, 1949, appellees filed exceptions to the order of that date. Continental in addition asked for a reconsideration of the original application and that it be denied and in the alternative asked for a rehearing and further hearing on the application.

On August 23, 1949, the Commission by an order denominated an "Order For Further Hearing" recited that: "* * * after carefully considering said application, together with the transcript of evidence and all other matters of which it may duly and legally take notice in connection therewith, is of the opinion and finds that a rehearing should be held herein for the purpose of examination of the earnings from January 1, 1948, to July 1, 1949, in the territory involved in said application by each and all of the parties hereto, and for the purpose also of ascertaining whether or not only local service where needed should be granted instead of through service, as well as whether or not the local service can be rendered where needed without the through service being granted, such rehearing to be held at such time and place as may be decided upon at the call of the docket." Its order was entered accordingly.

Thereafter further hearings were held, and on March 27, 1950, the Commission made the order directly involved herein. This order amended and modified the order of July 20, "so as to eliminate therefrom authority to operate a motor bus service" between certain points, "but said order (of July 20) is otherwise in all things continued in full force and effect, except as herein modified, and proper certificate is hereby ordered issued in accordance with said order of July 20, 1949, as herein amended and modified so as to authorize the motor bus service herein set out."

The order of March 27, 1950, adopts and incorporates by reference the order of July 20, 1949, in this language: "* * * the Commission here refers to, adopts and makes a part of this order all of said matters the same as if here fully rewritten insofar as the same are necessary in entering this order, it being the purpose to here adopt and make a part hereof everything in said order of July 20, 1949."

Appellee Union Bus Lines, Inc., in its brief, concedes that the order of July 20, 1949, "very properly contained the necessary twenty-day clause, allowing the protestants twenty days within which to file exceptions."

Appellee Continental Bus System, the only other appellee filing briefs, does not make such a pointed admission, but in effect made the same concession when it stated in its brief that "the order of March 27, 1950, did not contain the clause customarily included in final orders of the Commission (See order of July 20, 1949), to the effect that 'It is further ordered by the Commission that if exceptions to this order are filed, such exceptions must be in accordance with the Rules of Procedure and Practice before the Commission, Rule 54, adopted December 20, 1946.'"

Continental correctly identified this provision as being in the order of July 20, 1949.

This so-called 20-day provision emerges from a consideration of several of the rules of the Commission.

Rule 50 defines the term "contested" application or proceeding, and Rule 53 provides that no order in a contested proceeding shall become final until the expiration of twenty days from the date of the order. Rule 54 provides that exceptions to an order of the Commission in a contested matter "must" be filed within twenty days or the order will become final, but in the event exceptions are filed "the order of the Commission will be stayed." By Rule 56 these requirements are made applicable to motions for rehearing or further hearing. Rule 55 requires that the order of the Commission contain a paragraph indicating if the matter is or is not contested.

On September 18, 1946, the Commission considered the matter of filing exceptions in contested applications and because there appeared to be "general confusion as to the exact procedure in such cases" adopted General Order No. 79, which again defined a contested application and again required exceptions in such cases to be filed within twenty days from the date of the order, in the absence of which the order would become final, and again provided that if exceptions were filed the order of the Commission would be stayed. Rule 53 was likewise brought forward in General Order 79.

Added by General Order 79 was the requirement that orders in contested applications contain the following clause: "It Is Further Ordered By The Commission that if exceptions to this order are filed, such exceptions must be in accordance with the terms and provisions of General Order No. 79, dated September, 1946."

All Rules of the Commission in conflict with General Order 79 were repealed.

With these rules in mind we will complete our statement of the pertinent facts.

All parties concede that the matter before the Commission was "contested."

The order of July 20, 1949, contained the recitation required by Rule 55 and by General Order 79.

Immediately upon issuance of the order of March 27, 1950, the Commission issued a certificate of convenience and necessity to the transportation company and such company intended to commence operations thereunder as soon as practicable.

Appellees subsequent to the order of March 27, 1950, did not file or offer to file with the Commission any exceptions, objections or motions to or with reference to the order of March 27, but instead filed this suit three days later.

The only order attacked by appellees is the order of March 27, and the only attack made on this order which is supported by pleadings is the failure of such order to contain the "twenty-day clause."

■ We find that this ground of attack is without factual support. The order of March 27 adopted the order of July 20 and made "everything in said order" a part of the order of March 27, and the order of July 20 containing the "20-day provision" was therefore incorporated, by reference, in the order of March 27.

We are cited to no Rule of the Commission which prohibits such practice. It is certainly convenient. It is consistent with court practice regarding pleadings. See Rule 58, Texas Rules of Civil Procedure. And it is not shown to have been in any way harmful to appellees in this case.

■ This holding disposes of the case as made in this court, however, we will express our view upon another matter, reflected by the record, which, in our opinion, should have persuaded the trial court to refuse the injunction.

Appellees had adequate legal remedy.

Rule 54 of the Commission provides that if exceptions are properly filed to an order that "the order of the Commission will be stayed." This same provision is contained in General Order 79.

Apparently, then, all that appellees had to do in order to prevent the transportation company from commencing operations under its certificate was to timely file its exceptions. If this had been done we assume that the Commission would have obeyed its own rule and would have stayed its order until the exceptions were acted upon. Instead of taking this course, plainly outlined by the rules of the Commission, appellees resorted to the courts, and it is not our province to reason why.

The judgment of the trial court is reversed and judgment is here rendered dissolving the temporary injunction granted by that court.