**CONTINENTAL BUS SYSTEM, Inc. et al.**

v.

**RAILROAD COMMISSION et al.**

**No. 10167.**

Court of Civil Appeals of Texas.

Austin.

Nov. 11, 1953.

Rehearing Denied Dec. 2, 1953.

Callaway & Reed, O. D. Montgomery, Dallas, for Continental Bus System, Inc. and Transcontinental Bus System, Inc.

Rankin, Kilgore & Cherry, Edinburg, for Union Bus Lines, Inc.

John Ben Shepperd, Atty. Gen., Dean J. Capp, Asst. Atty. Gen., for Railroad Commission and its members.

Hutcheson, Taliaferro & Hutcheson, Palmer Hutcheson, Jr., Houston, Hollers, O'Quinn & Crenshaw, Austin, for Missouri-Pac. Transp. Co.

ARCHER, Chief Justice.

This is a suit to set aside an order of the Railroad Commission of Texas granting Missouri-Pacific Transportation Company a certificate of Public Convenience and Necessity to operate a motor bus line between West Columbia and Corpus Christi, Texas.

The question for decision is the interpretation and legal effect of an order of the Railroad Commission of Texas in Motor Bus Docket No. 2266 under date of March 27, 1950.

The appeal is before this Court on seven points and are to the effect that the court erred in holding the order valid; that it was error to hold the order complied with the Commission's general orders and rules in providing twenty days in which to file objections and exceptions; in holding that a portion of the Commission's order, as follows:

"The Commission here refers to, adopts and makes a part of this order all of said matters the same as if here fully rewritten insofar as the same are necessary to entering this order, it being the purpose to here adopt and make a part hereof everything in said order of July 20, 1949.";

had the effect of incorporating in said order, the clause staying the effectiveness of said order as provided for by the general orders of the rules of the Commission, which gave the appellant, Union Bus Lines, Inc., time within which to file objections; that the court was in error in not holding the order was in violation of the Constitution of the United States and of Texas in that appellants were denied due process of law; that the court erred in holding that the Commission could exercise administrative jurisdiction of Certificate of Public Convenience and Necessity after the final administrative act had been completed and said certificate delivered to applicant therefor; that the court erred in failing to hold that the order was unjust, arbitrary and therefore void; and, finally, that the court erred in granting appellee, Missouri-Pacific Transportation Company's motion to strike portions of appellants' original petition.

Appellants state "While various Points of Error have been assigned, it is our purpose to show that the Order of the Commission of March 27, 1950 is void because it was entered in violation of the Rules of the Commission, and, therefore, is beyond the authority of the Commission; further, was issued in such a manner as to deny Union due process of law; was issued in violation of the statutory authority as delegated by the Legislature to the Commission; and, further, for these reasons the Order is unreasonable, unjust and arbitrary and created illegal competition against Union, thereby depriving Union of its legal rights without due process of law."

We shall then consider the appeal primarily from this viewpoint:

In Railroad Commission v. Continental Bus System, Inc., Tex.Civ.App., 230 S. W.2d 299, error ref. n. r. e., this Court had before it on a former appeal of this case, which was on temporary injunction, the question of whether the order of March 27, 1950 was invalid because it did not contain a provision for twenty days for filing of exceptions and motions, and held the order to be valid.

The trial court's judgment recited: "* * * that the temporary injunction was granted on the evidence of irreparable injury, and in addition thereto, solely and exclusively for the reason that the order of March 27, 1950 did not include the provisions required by the Commission's rules for the allowance of twenty days for the filing of exceptions and motions and for the order to become final."

■ Since the question as to the sufficiency of the order of March 27, 1950 was given careful consideration in Con-

tinental Bus System, Inc. v. Railroad Commission, supra, we see no need to again state our views, as we have no desire to change our former opinion. We do not discuss the question further, but reaffirm our decision.

We overrule appellants' points Nos. 1 to 6.

No issue is made as to the substantialness of the evidence in support of the Commission's order.

We overrule appellants' point directed to the action of the Court in sustaining the motion of appellee Missouri-Pacific Transportation Company to strike portions of plaintiff's original petition concerning the status of the transportation company in applying for, receiving a certificate, and without legal authority to set up and operate a bus service, and that company was in a state of suspended animation, because it was in bankruptcy.

■■■■ The Commission had no power to determine the legal status of the company, and issues raised by the pleadings are proper only in quo warranto proceedings. Railroad Commission of Texas v. Rau, Tex.Civ.App., 45 S.W.2d 413; English v. Landa Motor Lines, Tex.Civ. App., 166 S.W.2d 721, error ref.; Red Ball Motor Freight, Inc., v. Southern Pacific Transport Company, Tex.Civ.App., 231 S.W.2d 462, error ref., n. r. e.

The judgment of the trial court is affirmed.

Affirmed.