D. J. HENNESSY et al., Appellants,

v.

Ray R. MILLER, Appellee.

No. 10954.

Court of Civil Appeals of Texas.

Austin.

April 18, 1962.

Will Wilson, Atty. Gen., Marvin Sentell, Asst. Atty. Gen., Ewell H. Muse, Jr., and Van Thompson, Jr., Austin, for appellants.

Lanham & Hatchell, Austin, for appellee.

RICHARDS, Justice.

Suit was brought by Ray R. Miller, appellee, against D. J. Hennessy and the Railroad Commission of Texas, appellants, under the provisions of Sec. 20, Art. 911b, Vernon's Civil Statutes, as an appeal from an order of the Railroad Commission entered May 9, 1961, approving the transfer of specialized motor carrier certificate No. 5103 from Miller to Hennessy upon the ground that the Commission was without jurisdiction to enter the order and seeking an injunction against Hennessy from operating under the certificate and the Railroad Commission from enforcing its order. The Trial Court issued a temporary restraining order as prayed for and on July 18, 1961 hearing was had upon the temporary injunction. During the course of the hearing by agreement of all parties the cause was tried on the merits upon plaintiff's original petition and defendants' original answers.

The only relief sought in appellee's petition was that the Commission's order of May 9, 1961 be declared null and void and set aside and that the Railroad Commission be temporarily enjoined from enforcing or attempting to enforce its order and that Hennessy be enjoined from operating under the specialized motor carrier certificate or under the order of the Commission.

After the hearing had been concluded Hennessy filed a trial amendment in which the Court was requested to determine that a power of attorney from appellee to Hen-

nessy dated May 15, 1959, hereinafter referred to, was an irrevocable power of attorney and that the Trial Court order specific performance of an alleged contract and agreement for the transfer of the specialized motor carrier certificate from appellee to Hennessy. Appellee filed a special exception to the trial amendment and moved the Court to deny permission to file such trial amendment upon the ground that Hennessy having filed an original answer containing special exceptions and a general denial with a prayer that appellee take nothing by his suit and the trial having proceeded upon the merits based upon the original pleadings the Trial Court should deny Hennessy leave to file such amendment tendered on July 19, 1961.

On July 28, 1961 the Trial Court entered judgment (1) denying the relief sought by Hennessy in his trial amendment, (2) overruling appellee's special exception and motion to deny leave to file Hennessy's trial amendment, (3) setting aside and cancelling the order of the Commission dated May 9, 1961, (4) permanently enjoining the Commission from enforcing its order and permanently enjoining Hennessy from operating under the specialized motor carrier certificate or from operating under the Railroad Commission's order, and (5) denying Hennessy all relief prayed for in his trial amendment, from which judgment the Commission and Hennessy have perfected this appeal.

Appellants urge the following points of error made by the Trial Court in the entry of its judgment which are: (1) that the power of attorney given to Hennessy by appellee was a general power which fully empowered him to effectuate the transfer of the specialized motor carrier certificate before the Commission (2) which being coupled with an interest in the certificate, was irrevocable; (3) that the question of the Railroad Commission's lack of jurisdiction to determine contractual rights was immaterial since all parties to the contract were before the Trial Court which was competent to determine their respective rights; (4) that the power of attorney attached to Hennessy's application amounted to substantial compliance with the requirements of the Commission's General Order No. 12 and (5) that the suit brought by Hennessy against appellee for specific performance of the contract in the District Court of Harris County, Texas had been dismissed prior to the entry of the order of the Commission on May 9, 1961.

Prior to 1959 appellee was the owner of specialized motor carrier certificate No. 5103 issued by the Commission, conducting business under the certificate under the trade name of A and P Truck Line as sole owner and as majority stockholder in a corporation of the same name. During the Spring of 1959 appellee and Hennessy, together with one B. F. Cobb, conducted negotiations with reference to the sale of appellee's certificate to a corporation to be formed by Hennessy and Cobb in which appellee was either to have a small amount of stock in the corporation, a working interest in the corporation, or to be employed by the corporation, the exact status of his future relations with the corporation being the subject of the controversy.

As a result of the negotiations appellee executed the following power of attorney to Hennessy:

"That I, Ray R. Miller, do hereby make, constitute and appoint D. J. Hennessy my lawful attorney-in-fact, to act in my place and stead in the following capacity:

"To effect the full and complete transfer and assignment of that specialized motor carrier permit issued by the Railroad Commission of Texas, being Certificate No. 5103, and that certificate issued by the Interstate Commerce Commission of the United States, being No. MC2044, together with the transfer of any other authority issued by the State of Louisiana, if any, appertaining to the operation of the aforedescribed authorities;

"To collect, negotiate, settle, hypothecate, or in anywise handle any and all funds that may come into the possession of A–1 Heavy Haulers, Inc., by virtue of its operation of the aforementioned permits from and after the date hereof;

"To negotiate, settle and pay any and all indebtedness, estimated to be approximately $3,000.00, which are outstanding against me by virtue of the past possession of the aforementioned permits and authorities.

"I do hereby confirm any and all acts of my said attorney-in-fact as aforesaid, in the same manner and with the same authority as I could have done if acting in person. It is agreed and understood that this power of attorney is coupled with an interest this day assigned and conveyed to A–1 HEAVY HAULERS, INC.

"WITNESS MY HAND this the 19th day of May, 1959.

"s/ Ray R. Miller

RAY R. MILLER"

which was acknowledged before a notary public. On August 6, 1959 appellee revoked the power of attorney to Hennessy stating that the revocation was because the contract entered into between appellee as stockholder of A and P Truck Line, Inc. and A–1 Heavy Haulers, Inc. was never consummated.

During the month of June 1960, Hennessy filed suit in the District Court of Harris County, Texas against appellee for specific performance of a contract alleged to have been entered into between appellee and Hennessy on May 19, 1959 for the sale and transfer of the specialized motor carrier certificate, together with a certificate issued by the Interstate Commerce Commission and other authority issued by the State of Louisiana, which suit was pending until an order granting Hennessy a non-suit and dismissing the cause was entered on March 1, 1961.

On January 19, 1961 Hennessy filed an application with the Commission seeking its approval for the sale and transfer of the specialized motor carrier certificate from appellee to Hennessy which was signed on behalf of appellee by Hennessy as "Attorney-in-fact under Power of Attorney". Appellee did not sign the application or any exhibits thereto attached except the power of attorney, supra, and the application was filed without the knowledge and consent of appellee.

The application was heard by the Commission on February 28 and April 25, 1961, at Austin, Texas. The transcript of the testimony at the hearings, which was introduced in evidence by agreement of all parties, shows that appellee appeared at both hearings and protested the right and jurisdiction of the Commission to transfer this certificate to Hennessy and offered testimony that there was no contract between appellee and Hennessy but that the contract for the sale of his certificate was with a corporation which was never formed.

On May 9, 1961 the Commission issued its order approving the sale and transfer of the specialized motor carrier certificate from appellee to Hennessy, to which appellee filed exceptions which were overruled by the Commission June 7, 1961 and it thereafter issued certificate No. 5103 and license plates and cab cards to Hennessy.

Under the Commission's General Order No. 12, an application for sale and transfer of a specialized motor carrier certificate of convenience and necessity must contain "a certified or sworn copy of the contract entered into between the parties, filed as an exhibit to the application and said contract shall set forth in full the true agreement between the parties and shall give the amounts of the purchase price for both intrastate and interstate certificates or permits * * *." That the application filed by Hennessy to transfer appellee's certificate did not contain any contract as required by the Commission's rule was admitted by Mr. Bryan Bell, Director of the

Motor Transportation Division of the Commission, on the trial.

Despite the fact that the application was defective under the Commission's own rule and that appellee had appeared at two hearings before the Commission and testified that there was no contract between him and Hennessy, the Commission entered its order on May 9, 1961 approving the sale and transfer of the certificate, thus determining as a fact that there was a contract between appellee and Hennessy to transfer the certificate from appellee to Hennessy.

■ It is a recognized rule of law in Texas that the Railroad Commission is without power or jurisdiction to adjudicate disputed contractual or property rights of individuals in granting certificates of convenience and necessity or the transfer and sale of such certificates under the provisions of Art. 911b, V.C.S. Railroad Commission of Texas v. Rau, Tex.Civ.App., 45 S.W.2d 413, 416, error dism.; English v. Landa Motor Lines, Tex.Civ.App., 166 S.W.2d 721, 723, error ref.; Red Ball Motor Freight v. Southern Pacific Transport Co., Tex.Civ.App., 231 S.W.2d 462, 466, error ref., N.R.E.; Continental Bus System v. Railroad Commission, Tex.Civ.App., 262 S.W.2d 446, 448, error ref., and on appeal the Trial Court is without jurisdiction to determine such rights.

■ However, appellants urge that since all of the interested parties were before the Trial Court on a review of the Commission's order, the jurisdictional issue raised by appellee is "unimportant," citing Railroad Commission v. Rau, supra. The opinion in the Rau case discloses that all parties whose interests were involved in the controversy over the validity of the contract, with the exception of the Railroad Commission, had appeared before the Trial Court of their own volition as interveners and by appropriate pleadings had presented the issue as to the validity of the contract in question to the Trial Court by consent of all parties.

In the case before us there was no trial by consent of the parties of the issue of the validity of the alleged contract for the sale of the certificate by appellee to Hennessy as an individual, since it is apparent from the record that such issue was first injected into the case by Hennessy by the filing of a trial amendment on the day following the conclusion of the trial over the proper objection of appellee. Hence the holding in the Rau case relied upon by appellants is not applicable here.

■ The Railroad Commission does have exclusive primary jurisdiction over the transfer of a specialized motor carrier certificate under the provisions of Art. 911b, V.C.S., and therefore had the power and authority to transfer the certificate upon proper showing of the existence of a contract between appellee and Hennessy which would authorize the transfer of the title to the certificate from appellee to Hennessy. Appellants contend that the power of attorney dated May 15, 1959 was a general power of attorney fully authorizing Hennessy to execute the transfer of the specialized motor carrier certificate to himself or another, which in effect constituted such a contract as would amount to a substantial compliance with the Commission's General Order No. 12 requiring that a copy of the contract be attached as an exhibit to the application. With this we cannot agree.

If the power of attorney be construed to have the legal effect of the contract required by General Order No. 12 between Hennessy and appellee, it is defective because (1) it does not give the amount of the purchase price for either the intrastate certificate issued by the Commission or the interstate certificate or permit issued by the Interstate Commerce Commission, and (2) since the power of attorney must necessarily be construed as a whole, the power and authorization given to appellant thereunder is not limited to its first paragraph as relied upon by appellants. In the second paragraph of the power of attorney Hennessy was authorized to handle any and

all funds that may come into the possession of A–1 Heavy Haulers, Inc. by virtue of *its* operation of the aforementioned permits from and after its date and the fourth paragraph specifically stated that "this power of attorney is coupled with the interest this day assigned and conveyed to A–1 Heavy Haulers, Inc."

The Trial Court found as a fact that "The Power of Attorney issued by Ray R. Miller, dated May 19, 1959 is a limited Power of Attorney giving D. J. Hennessy only the right to execute and file an application with the Railroad Commission of Texas seeking its approval of a sale and transfer of Certificate No. 5103 to a specifically proposed corporation, which was never formed or created, and such Power of Attorney did not give D. J. Hennessy any power or authority to file any application with the Railroad Commission seeking its approval of a transfer of Certificate No. 5103 to him individually."

 We agree with the Trial Court's finding that the power of attorney dated May 15, 1959 was a limited power of attorney which only authorized the transfer of the title to Certificate No. 5103 from appellee to a proposed corporation which was never formed or created and therefore did not constitute such a contract as would authorize the transfer of the certificate to Hennessy.

The proceedings in the Trial Court on appeals under Section 20, Art. 911b, V.C.S. being governed by the substantial evidence rule, it is our opinion that the finding by the Commission that there was a contract between appellee and Hennessy to sell Certificate No. 5103 to Hennessy was not reasonably supported by substantial evidence and as a result the Commission's order dated May 9, 1961 was illegal and void.

All of appellant's points of error are overruled. The judgment of the Trial Court cancelling the order of the Railroad Commission of Texas dated May 9, 1961 under Docket No. S–5972 approving the transfer of Specialized Motor Carrier Certificate No. 5103 from Ray R. Miller, dba A and P Truck Line to D. J. Hennessy, dba D. J. Hennessy Equipment Company as being illegal and void, and permanently enjoining the Railroad Commission of Texas from enforcing its order of May 9, 1961 and appellant Hennessy from operating under Specialized Motor Carrier Certificate No. 5103 or under the order of the Railroad Commission of Texas dated May 9, 1961, is affirmed.

Affirmed.