**RAILROAD COMMISSION of Texas et al.,**
**Appellants,**

v.

**ROBERTSON TRANSPORTS, INC., et al.,**
**Appellees.**

No. 11593.

Court of Civil Appeals of Texas.

Austin.

April 17, 1968.

Rehearing Denied May 1, 1968.

———◆———

Crawford C. Martin, Atty. Gen., George M. Cowden, 1st Asst. Atty. Gen., A. J. Carubbi, Jr. Staff Legal Asst. Atty. Gen., R. L. Lattimore, Thomas Mack, Douglas H. Chilton, Asst. Attys. Gen., McGinnis, Lochridge, Kilgore, Byfield, Hunter & Wilson, Joe M. Kilgore, B. D. St. Clair, Austin, for appellants.

James, Robinson, Felts & Starnes, Phillip Robinson, Austin, Kelley, Looney, McLean & Littleton, Rogers Kelley, Jackson Littleton, Edinburg, White, McElroy & White, W. D. White, Jr., Phinney, Hallman, Pulley & Livingstone, LeRoy Hallman, Dallas, for appellees.

PHILLIPS, Chief Justice.

This is an appeal under Section 20 of the Motor Carrier Act[1] wherein appellees,[2] existing statewide specialized motor carriers of liquid chemicals and liquid fertilizers, sued to set aside and to enjoin the enforcement of all operations under three orders of the Railroad Commission, an amended specialized motor carrier certificate and amended equipment identification cab cards issued pursuant to such orders on March 24, 1967. This action of the Commission authorized appellant Groendyke Transport, Inc. to commence statewide operations as a specialized motor carrier of the abovementioned commodities.

The trial court found the law and the facts to be with appellees, overruled appellants' pleas in abatement, set aside the Commission's orders dated September 23, 1966 and March 24, 1967 and permanently enjoined enforcement of these orders and all operations under the amended specialized motor carrier certificate and amended cab cards issued to appellant Groendyke pursuant to these orders.

We affirm.

Apppellants are before this Court on two points of error, the first being that of the trial court in overruling appellants' pleas in abatement and in failing to dismiss as premature appellees' suit to set aside a Commission order which was not administratively final.

We overruled this point.

The original order of the Commission dated September 23, 1966 became administratively final on March 24, 1967 when the Commission issued its order "In all things" overruling the exceptions filed by appellees to this order. When the order of September 23, 1966 thus became final on March 24, 1967 by virtue of the Commission having overruled all exceptions filed thereto, the jurisdiction of the Commission over the matter terminated and the potential jurisdiction of the courts attached immediately. Smith v. Wald Transfer & Storage Co., 97 S.W.2d 991 (Tex.Civ.App. Austin 1936, writ dism'd).

There was an additional order issued by the Commission on March 24, 1967 in appellant Groendyke's case purporting to act again on the application which was the subject of the Commission's final order in this docket[3] dated September 23, 1966. It is this latter order that appellants, through their pleas in abatement, contend is not a final order, that the jurisdiction of the Commission continues and that the suit was premature. In this connection, they cite and rely on the decision of this Court in Railroad Commission v. Continental Bus System, 230 S.W.2d 299 (Tex.Civ.App. Austin 1950, writ ref'd, n. r. e.). That case is distinguishable from the instant proceeding on several grounds. In *Continental,* after extended hearings, the application was granted in its entirety. After the filing of exceptions and an alternative request for another hearing, the Commission ordered and held further hearings. After further hearings were concluded, the Commission entered an order amending and modifying the grant made by the previous order,

---

1. Tex.Rev.Civ.Stat.Ann. art. 911b.

2. The plaintiffs in the trial court and the appellees herein are Robertson Transport, Inc. and its lessee operator Robertson Tank Lines, Inc., Ryder Truck Lines, Inc., d/b/a Ryder Tank Line and its les-

see operator Chemical Leaman Tank Lines, Inc., Smith Transit, Inc., The Transport Company of Texas and Western-Commercial Transport, Inc.

3. Docket No. 7057.

eliminating a portion of the authority previously granted, but otherwise continued the original order in full force and effect. The latter order specifically adopted and incorporated by reference the original order. This Court held that since the latter order specifically referred to and incorporated the former by reference, which included a 20-day period for filing exceptions, that the 20-day period would likewise apply to the latter order.

Such is not the case here. If the second order has any legal effect whatsoever it can only be classified as an additional order overruling exceptions with certain explanatory recitations and conclusions included therein.

The Commission itself considered the order or orders of March 24, 1967 administratively final. Instead of waiting at least 20 days (which obviously would have been necessary had it felt that these orders were not final and effective as of March 24, 1967) the Commission simultaneously issued and released to Groendyke a permanent amended certificate, plus identification cab cards containing the new authority. Thus, unless enjoined, Groendyke was free to operate under its new authority.

The Commission had no statutory authority to issue such amended certificate or cards unless it considered its order final under its applicable rules and procedures.

Appellants' second point of error is that of the court in setting aside the orders under attack since appellees failed to prove that such orders are not supported by substantial evidence, that they are arbitrarily unreasonable or that they are illegal or invalid.

We overrule this point.

■ It is well settled that an order of the Commission acting on application for certificates is presumed to be valid and reasonably supported by substantial evidence. Tex.Rev.Civ.Stat.Ann. art. 911b, Sec. 20, governing appeals from orders of

the Commission in transportation matters, provides in part that "In all trials under this section the burden of proof shall rest upon plaintiff, who must show by the preponderance of evidence that the decisions * * * orders, * * * acts, * * * complained of are unreasonable and unjust to it or them. * * *" This rule as to the burden applies to the carriers in this suit. Alamo Express v. Union City Transfer, 158 Tex. 234, 309 S.W.2d 815 (1958). We hold that the plaintiffs below, and the appellees here, have discharged this burden.

■ We have reviewed the quite extensive statement of facts filed in this case and find that it would serve little or no purpose for us to discuss the evidence in detail. To summarize, the evidence discloses that appellees demonstrated that prior to the date the Commission acted, each existing carrier was equipped and otherwise fully prepared to render all authorized service for the public in general; that no demand had been made on these existing carriers by any customer to perform any authorized transportation service which said carrier was unable or unwilling to perform; that all requested past service had been performed by each existing carrier without complaint from the shipper; that such service was adequate and satisfactory; that each existing carrier was not operating existing equipment and facilities at capacity and was prepared to transport additional traffic had it been tendered; that each existing carrier was able and willing, financially and otherwise to acquire additional facilities when, if and as the needs of the shipping public required.

Thus appellees "established, prima facie, that the services and facilities of the existing specialized motor carriers * * * were adequate and that there was no public necessity for the proposed service." Miller v. Railroad Commission, 363 S.W.2d 244 (Tex.1963).

The only evidence adduced by appellants to rebut the prima facie showing made by appellees was the testimony of four witness-

es. This evidence failed to rebut that of the appellants in any respect whatsoever. There was a failure to show that any shippers had encountered any difficulty in obtaining equipment and service when needed, on any occasion; had encountered delays in movements of shipments when expeditious transit time was required, on any occasion; or had found an existing carrier unable or unwilling to afford the type of service required, on any occasion.

Consequently, there is no substantial evidence supporting the Commission's ultimate findings of public necessity for Groendyke's additional service or that the authorized services of appellees are inadequate in this transportation field.

The judgment of the trial court is affirmed.

Affirmed.