TEXAS MOTOR COACHES, INCORPORATED, V. RAILROAD COMMISSION OF TEXAS ET AL.

No. 6546. Decided June 30, 1934.
(73 S. W., 2d Series, 511.)

*Cantey, Hanger & McMahon, R. K. Hanger, Warren Scarborough, E. O. Mather,* all of Fort Worth, for plaintiff in error.

On the proposition that the Court of Civil Appeals erred in holding that the trial court could not set aside the order of the Railroad Commission where a preponderance of the evidence indicated to that trial court that the order or decision of the Commission was unreasonable and unjust as to the appealing party. Railroad Commission v. Galveston Chamber of Commerce, 105 Texas, 101; Railroad Commission v. Weld & Neville, 96 Texas, 394; Railroad Commission v. Bass, 10 S. W. (2d) 586.

*James V. Allred,* Attorney General, *T. S. Christopher,* Assistant Attorney General, *Phillips, Trammell, Chizum, Price & Estes, Eugene Lary* and *A. W. Dawson,* all of Fort Worth, and *George C. Purl,* of Dallas, for defendants in error.

MR. JUSTICE PIERSON delivered the opinion of the Court.

Texas Motor Coaches, Inc., instituted this suit against the Railroad Commission of Texas and the South Texas Coaches, Inc., to enjoin and suspend the operation of an order of the Railroad Commission granting to South Texas Coaches, Inc., a certificate of public convenience and necessity to operate a motor bus service between the cities of Dallas and Fort Worth along what is known as the northern route, through the cities of Birdville, Hurst, and Irving.

On the first trial the district judge sustained a general demurrer and special exceptions to the plaintiff's petition, but on appeal the Court of Civil Appeals reversed and remanded the cause for further trial. 41 S. W. (2d) 1074. The case was then tried before a jury, but at the conclusion of the case it was, by unanimous consent, withdrawn from the consideration of the jury and submitted to the trial judge, the judgment being that the injunction and all other relief prayed by plaintiff be denied. The Court of Civil Appeals affirmed this judgment. 59 S. W. (2d) 923.

On and prior to December 15, 1930, the only motor bus passenger service between Fort Worth and Dallas was that of plaintiff in error, the route being along State Highway No. 1, which route lies south of the Trinity River and passes through the cities of Handley, Arlington, Dalworth, and Grand Prairie. During the same period the Northern Texas Traction Company operated an electric interurban line along a parallel route through the same cities. The operation of both the bus line and the interurban line has, during this period, been under the control and direction of the same operator, Stone & Webster, and the two lines have had the same manager.

At the time the Motor Bus Act went into effect on June 15, 1927, there were 21 individual operators carrying passengers between Fort Worth and Dallas over State Highway No. 1. Under the terms of this Act each of these operators became entitled to and received a certificate of public convenience and necessity, which were later acquired by plaintiff in error, with the approval of the Railroad Commission.

The record shows that plaintiff in error had made an aggregate investment in equipment of approximately $238,000, and

that it had operated at a loss of more than $55,000 since it began in 1927. At various times the Railroad Commission had allowed plaintiff in error to reduce its schedules and increase its fares, until the fare over the bus line between Fort Worth and Dallas was the same as the fare over the interurban line.

Prior to December 15, 1930, South Texas Coaches, Inc., applied to the Railroad Commission for a certificate of public convenience and necessity to operate a motor bus service between Fort Worth and Dallas over the northern route, through the intermediate cities of Riverside, Birdville, Hurst, and Irving. This route parallels State Highway No. 1, over which plaintiff in error operates, but for the most part the two routes are from three to six miles apart, and for the greater distance the Trinity River lies between the two routes.

After due notice, the application of South Texas Coaches, Inc., was heard by the Railroad Commission and was granted on December 15, 1930. At this hearing plaintiff in error appeared and protested the granting of the application on the ground that there was no public necessity for such bus service along the northern route. Prior to this time there had been no bus service along this northern route.

On the trial of the suit to enjoin and suspend the operation of the order of the Railroad Commission the trial court found that though plaintiff in error furnished adequate service over its route, it was wholly unable to render the needed service over the northern route, and that, whatever the competition the northern route furnished to plaintiff in error, it was more than offset by the convenience and necessity of the public served over the northern route.

In its first assignment of error plaintiff in error says:

"The Court of Civil Appeals erred in holding that when a party appeals from an order or decision of the Railroad Commission to the District Court of Travis County, Texas, such trial court cannot set aside the order or decision of the Railroad Commission where a preponderance of the evidence indicates to that trial court that the order or decision of the Railroad Commission was unreasonable and unjust as to the appealing party."

Plaintiff in error here makes substantially the same contentions as were made by Shupee in the case of Shupee v. Railroad Commission of Texas, opinion delivered today (post, p. 521). However, it makes the additional contention that if the Railroad Commission found that public convenience and necessity required bus service over the northern route, then it, the bus line, already in the field, should have been given the opportunity of

furnishing the additional service. However, it nowhere appears that previous to the suit to set aside the order of the Commission the plaintiff in error had made any offers to furnish such service,—but, on the other hand, had persistently denied the necessity of any such service.

The Railroad Commission in this case made very much the same contentions as in the Shupee Case,—that is, that the order of the Railroad Commission should be conclusive on the trial court, unless there was a showing that the Commission had acted beyond its power, or arbitrarily, or where there was no evidence which would support the order of the Commission.

In his opinion in the Court of Civil Appeals Judge Baugh says:

"It (the statement of facts) discloses substantial evidence bearing upon all matters which the commission is directed by the statute to take into consideration. Appellant operated 17 schedules daily between said cities over highway No. 1, a direct route between said cities, running south of the Trinity river. The route over which appellee's permit was granted was a distinct and separate route north of the Trinity river running through some three or four towns and villages, and a developing rural area, substantially parallel to the southern route and varying from three to six miles from it, and served communities not served, nor offered to be served, by appellant. Appellee trial was carrying about 175 passengers daily, about half of whom were through passengers, and serving schools, residents, and industries advantageously in the intermediate area. The trial court found, upon sufficient testimony to sustain it, that, though appellant's line furnished adequate service over its route, it was wholly unable to render the needed service over the northern route; and that, whatever the competition the northern route furnished to appellant, it was more than offset by the convenience and necessity of the public served over the northern route. These were all matters to be considered by the commission in the exercise of its discretion, and there was substantial evidence to sustain their finding thereon."

In applying the Texas Motor Bus Act, the Railroad Commission necessarily must take into consideration existing transportation facilities over the highways involved, and the rights of such transportation companies holding permits; also the adequacy of the service being rendered, and the need and advantage of additional service. Of course it may take into consideration the character and condition of the highways themselves, and all facts that affect the public convenience and necessity.

In this case we are unable to say that the action of the

Commission had no foundation in fact, or was arbitrary and unreasonable. Therefore its order must be upheld.

Plaintiff in error ably presents its case in its application for writ of error. Its assignments are pointed and strong, but we do not deem a detailed discussion of them is necessary.

For announcement of the controlling principles of law, see Shupee v. Railroad Commission of Texas, supra.

The judgments of the District Court and of the Court of Civil Appeals are affirmed.