RAILROAD COMMISSION OF TEXAS v.
UNIVERSAL TRANSPORT & DIS-
TRIBUTING CO.

No. 8246.

Court of Civil Appeals of Texas. Austin.
July 24, 1935.

Rehearing Denied Sept. 25, 1935.

Wm. McCraw, Atty. Gen., Curtis E.
Hill, Asst. Atty. Gen., Price & Christo-
pher, of Fort Worth, and W. K. Hopkins,
of Gonzales, for appellant.

Walter E. Gates, of Austin, and W. R.
Poage, of Waco, for appellee.

BAUGH, Justice.

Appeal is from a judgment of the dis-
trict court granting to appellee a perma-
nent injunction against the Railroad Com-
mission restraining it from enforcing its
order of November 18, 1933, wherein the
commission undertook to deny to appellee
the right, under the certificate of public
convenience and necessity held by it, to
serve Corpus Christi, or to pick up or de-
liver property at intermediate points be-
tween San Antonio and Corpus Christi.

The following facts are shown by the
record: On August 7, 1929, E. S. Cornelius
was granted a temporary certificate of
public convenience and necessity to oper-
ate trucks over a designated route between
San Antonio, Tex., and Brownsville, Tex.
Proof was made that he was operating
such line on February 20, 1929, and had
been for several years, and no protest of
such permit having been filed within 30
days from August 7, 1929, under the pro-
visions of Acts 29th Leg. c. 314, p.
698, this permit or certificate became per-
manent. In his application for such per-
mit, and the proof furnished by him of
former service, time and rate schedules,
description of vehicles used, and the
points named to be served, in compliance
with section 10 of chapter 314, Acts 29th
Leg., the route designated was from San
Antonio through Corpus Christi and
numerous named intermediate points be-

tween Corpus Christi and Brownsville. No points were named, nor time schedules nor rate schedules were given, however, between San Antonio and Corpus Christi. The temporary certificate issued on August 7, 1929, authorized service from San Antonio to Robstown as a first stop, then to and through intermediate points between Robstown and Brownsville; but no service was authorized at Corpus Christi. In February, 1930, Cornelius took up with the director of the Motor Transportation Division of the Railroad Commission the matter of amending his temporary certificate so as to include Corpus Christi, filed an additional affidavit showing service at that point, and his temporary certificate was amended by writing into the certificate theretofore issued the additional name, Corpus Christi.

■■ One of the chief contentions of appellant is that such·alteration of such certificate was made by a subordinate employee of the commission, without the authority or approval of the commission, and gave Cornelius no authority to serve Corpus Christi. This change, however, was rendered immaterial, and the irregular or unauthorized act, if such it was, was fully approved and ratified by the act of the commission itself when it issued ·to Cornelius on August 22, 1931, a permanent certificate of convenience and necessity authorizing his operation between San Antonio and Brownsville, including Corpus Christi, Robstown, and intermediate points between there and Brownsville. And same was again ratified and approved by the commission on January 5, 1932, in the sale and transfer by Cornelius to appellee of such certificate, said order of approval being made by the commission itself, reciting that same authorized operation via Corpus Christi to Brownsville. Under these circumstances, we think it is clear that, under the permit granted to Cornelius, he was authorized to serve Corpus Christi on his route. And the order of the commission of November 18, 1933, interpreting the certificate or permit granted by it to Cornelius and now owned, with the approval of the commission, by appellee was clearly wrong.

■■ A different question, however, is presented as to serving intermediate points between San Antonio and Corpus Christi. In Cornelius' application for such permit none of such points were named, Corpus Christi being the first point named out

of San Antonio; the proof of former service rendered by him relates only to intermediate points between Corpus Christi and Brownsville, and in the permit or certificate itself Robstown was indicated as the first stop out of San Antonio. In the schedule of service filed by Cornelius along with his application, as required by section 10 of chapter 314, Acts 1929, stations between Robstown and Brownsville were set out in detail, but no stations between San Antonio and Corpus Christi were named. Neither the temporary certificate, nor the permanent certificate of convenience and necessity, nor the transfer thereof to appellee, indicates nor authorizes any such pick-up or delivery service at any intermediate points between San Antonio and Corpus Christi. In addition, one of the exhibits filed by Cornelius with his application for a certificate shows several other operators over such route between these points. Under these circumstances the commission probably concluded that no additional intermediate service over said route between San Antonio and Corpus Christi was needed. The failure to authorize Cornelius to render same, and the failure to include any such intermediate points in his permit, amounted to a denial to him of the right to so operate. It is now settled, both by statute and decision, that his right to use the highways of the state for such purpose is permissive only, and subject to regulation of the Railroad Commission in the public interest. Acts 1929, c. 314, p. 698; Texas Motor Coaches v. Railroad Comm. (Tex. Civ. App.) 41 S. W. (2d) 1074. Absent a permit from the commission to do so, Cornelius had no right to serve intermediate points between San Antonio and Corpus Christi. Appellee, as his assignee, wholly failed to show that such authority had been granted, and even prior to the order of the commission of November 18, 1933, appellee had no such authority under the certificate held by it; and as to such intermediate service between San Antonio and Corpus Christi such operation between such points had not been authorized under the certificate granted.

■ While the order of November 18, 1933, in effect canceled the certificate theretofore issued to Cornelius and directed the issuance of a new certificate to appellee authorizing a route from San Antonio via Corpus Christi to Brownsville, but denying appellee the right to serve Corpus Christi and intermediate points between there and San Antonio, it affimatively appears that

252

such new order was intended merely as the commission's interpretation of its certificate originally granted to Cornelius. It was clearly not intended as a limitation upon, nor a denial of, any rights granted to him under the original certificate. As above indicated, we think Cornelius clearly had the right under the certificate held by him to serve Corpus Christi, but not to serve intermediate points between there and San Antonio. Whether the facts and circumstances existing at the time of the hearing upon which the order of November 18, 1933, was issued, warranted or authorized the commission, independent of its erroneous interpretation of its original certificate granted to Cornelius, to amend such certificate and limit appellee's route and service as was done in the order, is not shown. It undoubtedly had the power to limit his operations over the highways, if the public interest should require it, regardless of the rights granted by the original certificate. The whole matter of supervising and regulating such services upon and over the public highways, both originally and so as to meet changing conditions, is one expressly and specifically delegated by the Legislature to the Railroad Commission. Section 4, c. 314, p. 699, Acts 1929. And "any certificate obtained by any motor carrier, or by any assignee or transferee shall be taken and held subject to the right of the State at any time to limit, restrict, or forbid the use of the streets and highways of this State to any owner or holder of such certificate." Section 5, c. 314, p. 700, 701, Acts 1929. See, also, idem as amended by Acts 1931, 42d Leg. p. 480, c. 277, § 5 (Vernon's Ann. Civ. St. art. 911b, § 5).

Consequently, appellee obtained and held no vested right to an undisturbed continuing service over the highways, as granted under the original certificate. And the matter of changing such permits should, when reasonably done, be left in the hands of the commission, where placed by the Legislature. The order of November 18, 1933, under the facts disclosed and the grounds on which it was promulgated, was valid in part, and in part (that is, in so far as it denied appellee the right to serve Corpus Christi) invalid. In so far, therefore, as said injunction restrains the Railroad Commission from interfering with appellee's service of the city of Corpus Christi under the permit

originally granted to Cornelius, the trial court's judgment is affirmed. In so far as such injunction restrains the commission from interfering with service by appellee of intermediate points between Corpus Christi and San Antonio, the injunction granted is dissolved. Such injunction, however, giving to appellee a present right to serve Corpus Christi, is not to be construed as vesting in appellee a permanent right to do so; nor as denying to the commission the right "to limit, restrict or forbid" the use of the highways of the state by appellee in the future in carrying on its business under such permit, if the public welfare and the convenience of the traveling public on such highways may hereafter require it. That still remains a matter, under the statute, within the power of the commission to regulate.

For the reasons stated, the judgment of the trial court is in part affirmed; and in part reversed and the injunction dissolved to the extent above indicated.

Affirmed in part; and in part reversed and injunction dissolved.