## RAILROAD COMMISSION OF TEXAS v. TRINITY HOUSTON TRUCK LINE.

### No. 8091.

Court of Civil Appeals of Texas. Austin.

Sept. 30, 1935.

Wm. McCraw, Atty. Gen., and Curtis Hill, Asst. Atty. Gen., for appellant.

BAUGH, Justice.

Appeal is from an order of the district court of Travis county granting to appel-lee a permanent injunction against the Railroad Commission, restraining it from enforcing its order of November 26, 1932. The following facts appear: John Beard, doing business in the name of Trinity Houston Truck Line, made application to the commission for a temporary certificate of convenience and necessity to operate one truck over state highway No. 19 be-tween Houston and Lovelady, via Hunts-ville and intermediate points between Huntsville and Lovelady. In said ap-plication, no points, between Huntsville and Houston, were designated as being served by him. This application was granted on August 7, 1929, upon a showing that he had operated such line over said route prior to February 20, 1929, and was thereafter, on August 22, 1931, made permanent under the provisions of Acts Forty-First Legislature 1929, chapter 314, p. 698 et seq., as amended by Acts Forty-Second Legislature 1931, chapter 277, p. 480 et seq. (Vernon's Ann. Civ. St. art. 911b, § 1 et seq., Vernon's Ann. P. C. art. 1690b). On November 26, 1932, the Railroad Commission, after finding as re-cited in said order that appellee had vio-lated his permit theretofore granted, is-sued its order, which was by the trial court decreed to be null and void and its enforcement enjoined, the pertinent por-tion of which reads:

"It is, therefore, ordered by the Rail-road Commission of Texas, that said op-erator be and he is hereby prohibited from picking up and/or delivering property at Huntsville, New Waverly, Willis, Conroe, Elmina, Spring and Westfield or any other town lying between Houston and Hunts-ville, on State Highway No. 19.

"Railroad Commission of Texas
"Lon A. Smith, Chairman.
"C. V. Terrell
"E. O. Thompson, Commissioners.
"Attest: A. F. Petet, Secretary."

It is unnecessary to set forth the grounds on which said order was attacked in appellee's pleadings. A temporary in-junction was granted by the trial court and after hearing upon the merits was made permanent. At the hearing upon the merits, appellee introduced no evidence. Nor has he filed any brief on this appeal. The only evidence in this record is the record of the Railroad Commission on ap-pellee's permit. We are not advised of the grounds on which the injunction was

granted. Apparently the trial court took the view that the original permit or certificate granted by the commission authorized the appellee to serve Huntsville and intermediate points on highway No. 19 between there and Houston, and that the commission was without power to limit it. An examination of this certificate, and the application on which it was granted, however, does not warrant such holding. Neither appellee's application, nor the affidavits in support thereof, nor the map submitted, nor the schedule of rates to be charged, all of which are required by section 10, Acts Forty-First Leg. 1929, c. 314, p. 703, to be furnished by an applicant to the commission precedent to granting him any permit, show that any intermediate points on said highway between Huntsville and Houston were to be served by appellee, or that same had been by him so served prior to February 20, 1929. Appellee's rights to use the highway for commercial purposes were purely permissive, and he had, and through his permit could obtain, no rights to such use other than those expressly granted to him in his permit of August 22, 1931. In Railroad Commission v. Universal Transport & Distributing Co., 86 S.W.(2d) 250, we held that failure of the commission to grant permission to serve points on applicant's route not designated in his application nor in his certificate of convenience and necessity amounted to a denial to such applicant of the right to use the highway for such purposes. That being true, and no such permission having been granted appellee to make pick-ups and deliveries between Huntsville and Houston, the order of November 26, 1932, was not a denial to him of any rights granted to him in his original permit. Even if it were, however, he held such permit or certificate subject to the right of the state to at any time "limit, restrict or forbid" the use of such highway as the public interest might demand. Section 4, c. 314, p. 699, Acts 1929; R. R. Com. v. Universal Transport & Distributing Co., supra.

Even if the order of November 26, 1932, be conceded to be a limitation upon or restriction of appellee's original permit or certificate, still it shows to have been regularly promulgated and valid upon its face. The burden was upon appellee to show that it was unreasonable, un-

just, or arbitrary as to him. This he wholly failed to do, having introduced no evidence on the trial. The order made by the commission was prima facie valid, and in the absence of proof by appellee that same was unjust and unreasonable as to him, the trial court was not authorized to enjoin its enforcement. The judgment of the trial court is therefore reversed, and judgment here rendered dissolving the injunction appealed from.

Reversed, and judgment rendered.