# JANUARY, 1942

THE RAILROAD COMMISSION OF TEXAS ET AL V.
SOUTHWESTERN GREYHOUND LINES, INCORPORATED.

No. 7870. Decided November 12, 1941.
Rehearing overruled January 7, 1942.
(157 S. W., 2d Series, 354.)

*Gerald C. Mann,* Attorney General, *Lee Shoptaw, Geo. W. Barcus,* and *Glenn R. Lewis,* Assistants Attorney General, for the Railroad Commission, and *Williams, Lee, Kennerly & Cameron* and *Fred L. Williams,* all of Houston, *W. E. Lee,* of Orange, and *Allen Shivers,* of Port Arthur, for Sabine-Neches Stages, Incorporated, plaintiffs in error.

The Railroad Commission has the authority to grant a permit to operate a bus line over a highway that has been designated but not fully completed. North Texas Coaches v. Morten, 92 S. W. (2d) 263; Campbell v. Ill. Com. Com., 334 Ill., 293, 165 N. E. 790.

*Samuels, Foster, Brown & McGee,* of Fort Worth, for defendants in error.

For an order of the Railroad Commission, which is a creature of the statute, to be valid, it must be based upon some valid statute or law giving it the authority to put into effect its proposed orders. State v. Sugarland Ry. Co., 163 S. W. 1047; Commercial Stand. Ins. Co. v. Board of Ins. Comrs., 34 S. W. (2d) 343; International & G. N. Ry. Co. v. Railroad Commission, 99 Texas 332, 89 S. W. 961.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This appeal involves the right of the Railroad Commission to issue an intrastate certificate of public convenience and necessity to operate a bus line over a projected but unconstructed State highway. The Sabine-Neches Stages, Inc., was granted such a certificate to operate a bus line between Deweyville and Houston over two routes, one via Orange and Port

Arthur, and the other via Beaumont and Fannett. Southwestern Greyhound Lines, Inc., brought suit to cancel the certificate. The trial court sustained the right of the Railroad Commission to issue the certificate. The judgment of the trial court was reversed by the Court of Civil Appeals. See 147 S. W. (2d) 318. The Railroad Commission's application for a writ of error was granted on the construction of the statute involved.

It is undisputed that at the time the certificate was granted there was no highway in existence, and none under construction, over at least a substantial part of the route over which the bus line was to be operated under the certificate issued by the Railroad Commission. In fact, in November, 1936, at the time the application for the certificate was filed, the route of a part of the proposed road had not been designated, and its whereabouts was so uncertain that the applicant could not state what towns it would pass through. As late as October, 1938, at the time the certificate was granted, the right of way for the highway over a part of the route, particularly in Harris County between Port Arthur and Houston, had not been acquired, and it was not then known through what points the highway would pass in said county. This same condition seemed to exist at the time of the trial of this case in March, 1940. No plans had been drawn for the construction of the road, and it was entirely problematical as to when, if ever, the road would be constructed. It was equally uncertain as to the kind of material and type of construction that would be employed in building the road, if one should ever be built.

The authority of the Railroad Commission to grant certificates of public convenience and necessity to operate bus lines over the highways of this State is embodied in and must emanate from Article 911a, Vernon's Annotated Civil Statutes of Texas. Section 7 of that article reads in part as follows:

"Sec. 7. The Commission shall also ascertain and determine if a particular highway or highways designated in said application are of such type of construction or in such state of repair, or subject to such use as to permit of the use sought to be made by the applicant, without unreasonable interference with the use of such highway or highways by the general public for highway purposes. And if the Commission shall determine, after hearing that the service rendered or capable of being rendered by existing transportation facilities or agencies on such highways would not be promoted by granting of said

application and the operation of motor vehicles on the public highways therein designated, or that such highway or highways are not in such state of repair, or are already subject to such use as would not permit of the use sought to be made by the applicant without unreasonable interference with the use of such highway or highways by the general public for highway purposes, then in either or any of such event said application may be denied and said certificate refused, otherwise the application shall be granted and the certificate issued upon such terms and conditions as said Commission may impose and subject to such rules and regulations as it may thereafter prescribe."

It is clear from a reading of the above statute that the Railroad Commission, in determining whether a certificate should be granted, is required to take into consideration the type of construction and the state of repair of the particular highway designated in the application in order to determine whether such highway could support the added burden to which it would be subjected if the certificate should be granted. Necessarily, the Railroad Commission could not take into consideration the type of construction of a highway for which no plans of construction had been agreed upon. Likewise, the Commission is required to take into consideration the use to which the highway is being subjected by other traffice in order to determine whether the added burden would constitute an "unreasonable interference with the use of such highway or highways by the general public for highway purposes." Necessarily, the Railroad Commission could not take into consideration the traffic as it would exist on such highway at the time of the beginning of the operation of the proposed bus line where it was not known when, if ever, the road would be constructed. Since the construction of the proposed highway had not progressed far enough to enable the Railroad Commission to discharge adequately the above-mentioned statutory duties prerequisite to the granting of such certificate of public convenience and necessity, the Commission was without authority to grant same.

The act in question confers on the Railroad Commission authority to grant certificates of public convenience and necessity over the public highways of this State. The act defines a "public highway" as "every street, road or highway in this State." It contemplates an existing highway, and not a mere projected but wholly nonexistent highway. We do not hold that the highway would have to be completed and ready for use

by the public before the certificate could be granted. This would be too narrow a view. A more practical construction must be given to the statute. The Commission must have authority to grant the certificate far enough in advance of the completion of the road as to enable the recipient thereof to be prepared to meet the needs of the public as soon as the road is ready for use. But we do hold that before the Commission has jurisdiction to grant the certificate, the construction of the highway must have proceeded far enough to disclose the width of the road and the type of the construction hereof so as to enable the Commission to know in a general way the amount of traffic that it will bear; and the date of the granting of the certificate must be sufficiently close in time to the date when the operation under the certificate is to begin as to enable the Commission reasonably to anticipate the character of the traffic to which the road will be subjected, in order that the Commission may determine whether the added burden constitutes an unreasonable interference with the use of such highway by the general public for highway purposes.

All other questions raised in the application for the writ of error were properly disposed of by the Court of Civil Appeals, and need not be here discussed.

The judgment of the Court of Civil Appeals, reversing the judgment of the trial court and cancelling the certificate, and remanding the cause to the trial court with instructions to grant the Southwestern Greyhound Lines, Inc., such ancillary relief as it may show itself entitled to, is affirmed.

Opinion delivered November 12, 1941.

Rehearing overruled January 7, 1942.