**114**

**RAILROAD COMMISSION OF TEXAS et al., Appellants,**

v.

**MISSOURI PACIFIC TRANSPORTATION CO., Appellee.**

**No. 10419.**

Court of Civil Appeals of Texas.

Austin.

June 27, 1956.

Rehearing Denied Aug. 8, 1956.

John Ben Shepperd, Atty. Gen., Mert Starnes, Asst. Atty. Gen., Carl B. Callaway, Alfred Crager, Dallas, for appellants.

Hutcheson, Taliaferro & Hutcheson, Palmer Hutcheson, Jr., Houston, Hollers, O'Quinn & Crenshaw, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal by the Railroad Commission from a judgment of the trial court declaring that the grant of local services, and the through service in Certificate No. 222 are not so closely related as to impose a condition on appellee to show public convenience and necessity for a continued operation of a through service in the absence of the local services, before the local services can be reduced or abandoned, and in holding that the Commission could not impose a condition in the grant of authority to perform a motor transportation bus service, and in holding that the Commission's order was arbitrary, unreasonable and capricious, and unsupported by substantial evidence, and without due process of law and discriminatory.

The appeal of the Continental Bus System, Inc. is from an order of the court sustaining a motion to strike the intervention without hearing the evidence and constitutes its assignment of error. Continental is aligned with the Commission.

This suit was instituted by appellee as an appeal from an order of the Commission denying appellee's application to amend

its Certificate No. 222 by removing certain restrictions requiring the operation of each and every schedule under a grant of local services as set out in paragraph 8(a) through 8(h) in the certificate, and for a Declaratory Judgment.

The principal issue to be determined is the effect of the restriction imposed by the Commission requiring the operation of all the local schedules as a condition to the operation of the through service, and a requirement that appellee show public convenience and necessity for the continued operation of the through service before the local services can be reduced or discontinued and whether the trial court was justified in holding the order denying the application void.

Certificate No. 222 dated March 27, 1950 provides, and in part, reads:

"* * * and coordinating with existing authorized service;

"(7) From West Columbia to Corpus Christi over State Highway 35 through Bay City, junction with State Highway 71, Palacios, Port Lavaca, Tivoli, Rockport and Aransas Pass to Gregory, thence over U. S. Highway 181 to Corpus Christi;

"(8) (a) From Alvin to Angleton, serving Liverpool and Danbury.

"(b) From West Columbia to Sweeney via Old Ocean.

"(c) From Bay City to Sweeney via Old Ocean.

"(d) From Bay City to Victoria over State Highway No. 35 to the junction of State Highway 35 and State Highway 71 near Blessing, thence over State Highway 71 to Midfield, thence over State Highway 111 to Edna, thence over U. S. Highway 59 through Inez to Victoria.

"(e) From Bay City to the Aluminum Plant over State Highway No. 35 to the junction of State Highway 35 and State Highway 71 near Blessing, thence over unnumbered county road to Blessing, thence from Blessing through Francitas and La Ward to junction with State Highway 172, thence over State Highway 172 to junction with Highway 35, thence over State Highway 35 to the Aluminum Plant.

"(f) From Victoria to Port Lavaca over U. S. Highway 87.

"(g) From Palacios to the Aluminum Plant.

"(h) From Refugio over U. S. Highway 77 to Woodsboro, thence over State Highway 136 through Bayside to Gregory."

The permit was restricted in certain particulars and one paragraph is as follows:

"The schedules filed herein as to the route set out in Subdivision 8 hereof, (a) to (h), inclusive, and in regard to which evidence was offered on the hearings held upon the application for authority to operate said schedules over said route, must be operated as set forth and testified to, including home-to-work, home-to-school and/or home-to-church service. This certificate is granted contingent upon all such schedules being operated, and the certificate authorizing through service from West Columbia to Corpus Christi, as set out under Sub-division 7 hereof, is granted contingent upon the operation of said local schedules over the routes set out in Sub-division 8 hereof, (a) to (h), inclusive, as so set out."

Appellee made application to the Commission on April 24, 1951 for a change of schedules under Certificate No. 222 so as to adjust its services between Houston and certain other cities.

On May 14, 1951, the Commission entered its order denying the application and made the following finding:

"The Commission Finds from its records, law and rules that Missouri Pacific Transportation Company filed the instant application on April 24, 1951 for a change of schedules under Motor Bus Certificate No. 222 so as to adjust its service between Houston, Texas, West Columbia, Texas, to Victoria, Texas, via Bay City and Edna, Texas; Victoria to Port Lavaca via Placedo, Texas; Refugio to Corpus Christi via Woodsboro and Bayside through Gregory, Texas; Houston, West Columbia, Bay City, Port Lavaca and Rockport to Corpus Christi, Texas, also Alvin to Angleton, Texas. The Commission further finds from its records, rules and law that the effect of the above-mentioned schedule changes will be a reduction of service to the points involved. The Commission further finds from its records that the Motor Bus Certificate No. 222 was granted and became effective on March 27, 1950, and that certain restrictions are set out in said certificate, a portion of said restrictions being, as follows: 'The schedules filed herein as to the routes set out in Sub-division 8 herein, (a) to (h) inclusive, and in regard to which evidence was offered on the hearings held upon the application for authority to operate said schedules over said routes, must be operated as set forth and testified to, including home-to-work, home-to-school, and/or home-to-church service. This certificate is granted contingent upon all such schedules being operated and the certificate authorizing through service from West Columbia to Corpus Christi as set out in Sub-Division 7 hereof, is granted contingent upon the operation of said local schedules over the routes as set out in Sub-division 8 hereof, (a) to (h) inclusive, as so set out.'

"The Commission Further Finds from its records that the schedule changes herein applied for in the instant application are included in Subdivision 8, (a) to (h) inclusive, and that, therefore, said restriction would, of necessity by its own terms, make it impossible to change said schedules without first having said restrictions removed from Motor Bus Certificate No. 222. Accordingly, it is

"Ordered By The Railroad Commission Of Texas that the application of Missouri Pacific Transportation Company for change of schedules under Motor Bus Certificate No. 222, filed on April 24, 1951, Be, and the same is hereby in all things Denied."

On March 17, 1955 appellee filed an application later amended to delete the condition of total operations from its certificate and to suspend and adjust the local schedules contained in Paragraphs 8(a) through 8(h).

On August 23, 1955 the Commission entered its order denying the application of appellee seeking to amend its certificate No. 222.

The order is as follows:

"On August 15, 1955, the Railroad Commission of Texas took up for consideration the above-captioned application wherein Missouri Pacific Transportation Company seeks to amend Motor Bus Certificate 222 by eliminating therefrom the restrictions contained in Subdivision 8(a) through (h), and by suspending portions thereof, as set out in detail in the application.

"The Commission Finds that the restrictions referred to are an integral part of the certificate and that the certificate was granted contingent upon the operation of the service as set out in Paragraphs (a) through (h) in Subdivision 8 thereof, and is of the

opinion that the same should not be modified, altered or changed in any manner, and that a suspension of the service over the routes proposed in the application is not justified and is not in the best interest of the public. Accordingly, it is Ordered By The Railroad Commission Of Texas that the application of Missouri Pacific Transportation Company as above set out Be, and the same is hereby in all things Denied."

This is the order from which the appeal is made and which was invalidated by the trial court.

As has been noted the Commission granted appellee a certificate to operate through service between Houston and Corpus Christi under condition that it would operate the local routes authorized in the same order and certificate in which the through service was granted.

Subsequent to the issuance of the certificate appellee herein sustained the validity thereof in two cases:

Railroad Commission v. Continental Bus System, Tex.Civ.App., 230 S.W.2d 299, er. ref., n. r. e., and Continental Bus System, Inc., v. Railroad Commission, Tex.Civ.App., 262 S.W.2d 446, er.ref.

We believe that since Certificate 222 was granted by the Commission on the basis of a showing of public convenience and necessity for the through service and the local services, and was specifically restricted by the Commission to such that appellee will be required to apply to the Commission for such reduction or abandonment of some of the local service operation as evidence might show a justification for such and at the same time to show a public convenience and necessity for the through operation with a reduced operation in the local services.

There has been no hearing on an application for such reduction of local services, and a showing of a need for the through operation independent of such local services.

■ The condition in the certificate is within the power and jurisdiction of the Commission to impose.

Vernon's Ann.Civ.St. article 911a, Section 10, provides upon an application for a certificate of public convenience and necessity to operate a motor bus over Texas highways for hire that:

"* * * After such hearing, and such investigation as the Commission may make of its own motion, it shall be the duty of said Commission to either refuse said application and certificate, or to grant said application and issue said certificate, in whole or in part, upon such terms and conditions as it may impose, and subject to such rules and regulations as it may thereafter prescribe."

McDonald v. Thompson, 305 U.S. 263, 59 S.Ct. 176, 83 L.Ed. 164; Ex Parte Sterling, 122 Tex. 108, 53 S.W.2d 294; Railroad Commission of Texas v. Universal Transport & Distributing Co., Tex.Civ.App., 86 S.W.2d 250, er.dism.

Cases involving the abandonment of railroad lines, construing Article 6479, V.A.C.S., such as Texas & New Orleans R. Co. v. Railroad Commission of Texas, Tex.Civ. App., 220 S.W.2d 273, er. ref., are not controlling of this case because of such statute. There is no similar statute authorizing and directing abandonment of motor bus lines.

Insofar as the court held that the through service was not depending upon the operation of the local services, and that the through service could be retained by appellee without a showing as to continued necessity and convenience for the operation of the through service it was substituting its judgment for that of the Commission which it is not authorized to do.

■ The only power the court has is to invalidate or sustain the order.

Railroad Commission of Texas v. Shupee, Tex.Civ.App., 57 S.W.2d 295; Railroad Commission of Texas v. Southwestern Greyhound Lines, Inc., 138 Tex. 124, 157 S.W.2d 354.

The judgment of the Trial Court is reversed and judgment here rendered that appellee take nothing.

In view of this decision we affirm, without discussion, the refusal to permit Continental to intervene.

Affirmed in part and in part reversed and rendered.