**RAILROAD COMMISSION OF TEXAS et al., Appellants,**

v.

**MISSOURI PACIFIC TRANSPORTA-TION CO., Appellee.**

No. 10446.

Court of Civil Appeals of Texas.

Austin.

Jan. 30, 1957.

John Ben Shepperd, Atty. Gen., Mert Starnes, Asst. Atty. Gen., for appellant.

Hutcheson, Taliaferro & Hutcheson, Palmer Hutcheson, Jr., Houston, Hollers & O'Quinn, Charles E. Crenshaw, Austin, for appellee.

GRAY, Justice.

Appellee, Missouri Pacific Transportation Company, filed this suit against appellants, the Railroad Commission of Texas and the individual members thereof, and prayed for a temporary and permanent injunction restraining appellants from taking any action against it under the provisions of Art. 911b, Vernon's Ann.Civ. St., or under the provisions of Art. 1690a, Vernon's Ann.P.C. The purpose of the suit as stated by appellee is

"* * * to hold the matter in dispute in status quo, until the final disposition on appeal of cause No. 102,694, on the docket of the District Court entitled Missouri Pacific Transportation Company v. Railroad Commission of Texas, et al., which was an appeal from an Order of the Railroad Commission."

The above mentioned cause No. 102,-694 was an appeal by appellee to the district court to test the validity of an order of the Railroad Commission. At the trial of that cause the order was adjudged void and appellants appealed from the judgment to this Court. We reversed the judgment of the trial court. Railroad Commission of Texas v. Missouri Pacific Transportation Co., Tex.Civ.App., 293 S. W.2d 114, er. ref., n. r. e.

The facts and the order of the Railroad Commission complained of by appellee are fully set out in our opinion supra and reference is here made to that opinion for such facts and order in lieu of a further statement here.

In appellee's petition filed in this cause it says:

"Plaintiff would show to the Court that the parties to this suit are identical with the parties in cause No. 102,-694, entitled on the Docket of this Court 'Missouri Pacific Transportation Company v. Railroad Commission of Texas, et al.', which case is now on appeal to the Court of Civil Appeals for the 3rd Supreme Judicial District of Texas, sitting at Austin. This suit is brought for ancillary relief, pending the disposition of the above case on appeal, from the effect of the Order of the Railroad Commission dated August 23, 1955, denying Plaintiff the relief prayed for in its application to such Commission to discontinue and adjust certain local schedules contained in Paragraphs 8 (a) through 8(h) in its Certificate of Convenience and Necessity No. 222; which Order of the Commission this Honorable Court on January 4, 1956, in the above suit adjudged to be void for the reason that same is arbitrary, unreasonable and capricious, and not supported by substantial evidence. In this connection the Court found and adjudged that the Order of the Commission dated August 23, 1955 denying Plaintiff the relief sought in its application was void and amounted to a confiscation of Plaintiff's property without due process of law and an unjust and unreasonable discrimination against Plaintiff in violation of both the State and Federal Constitutions. Copy of said judgment is attached hereto and marked 'Exhibit A' and made a part hereof for all purposes.

* * * * * *

"Plaintiff would further allege that under the provisions of Art. 911a, V. A.C.S. of Texas the Railroad Commission of Texas is authorized and empowered to enter an order, requiring a holder of a Certificate of Public Convenience and Necessity, to show cause why its Certificates should not be cancelled or revoked, for refusal or neglect to observe the Orders of the Railroad Commission; that under the provisions of Art. 1690a, Vernon's Annotated Penal Code of Texas, an officer, agent, servant or employee of a bus company who fails to observe or comply with any Order, decision, rule or regulation, direction, demand or requirement of the Railroad Commission is subject to a penalty of $500 each day of such violation."

Upon a hearing in this cause the trial court granted appellee a temporary injunction as follows:

"It is therefore, Ordered, Adjudged and Decreed that the Clerk of this Court issue a temporary injunction restraining the Railroad Commission of Texas and its members, William J. Murray, Jr., Chairman, Ernest O. Thompson, and Olin Culberson, from taking any action under the provisions of Article 911a, Vernon's Annotated Civil Statutes of Texas, or under Article 1690a, Vernon's Annotated Penal Code of Texas, so as to prevent or interfere with Plaintiff, its agents, servants or employees, in the reduction of services and adjusting the schedules as more specifically set out in Paragraph IX of Plaintiff's petition and Paragraphs 8(a) through 8(h) of its Certificate of Public Convenience and necessity No. 222 pending the final disposition by the appellate courts of said cause No. 102,694 on the docket of this Court entitled, 'Missouri Pacific Transportation Compa-

ny v. Railroad Commission of Texas, et al.' "

The judgment in Cause No. 102,694 was entered January 4, 1956, the petition in this cause was filed March 5, 1956, and the judgment here complained of was entered May 25, 1956.

The injunction has by its own terms expired since there has been a "final disposition by the appellate courts of said cause No. 102,694."

The Supreme Court having refused to review our judgment supra the same has become final and the validity of the complained of order of the Railroad Commission is established. Appellee is therefore subject to enforcement of that lawful order against it.

Since all questions pertaining to the authority of the trial court to issue the temporary injunction in question have become moot the judgment of the trial court is reversed and set aside and this cause is dismissed. Freeman v. Burrows, 141 Tex. 318, 171 S.W.2d 863.

Dismissed.