RAILROAD COMMISSION OF TEXAS et al., Appellants,

v.

CURRY MOTOR FREIGHT LINES, INC., Appellee.

No. 11309.

Court of Civil Appeals of Texas.

Austin.

June 9, 1965.

Rehearing Denied June 30, 1965.

---

Clark, Thomas, Harris, Denius & Winters, Jerry C. Prestridge, Austin, Rawlings, Sayers, Scurlock & Eidson, Reagan Sayers, Lloyd Scurlock, Fort Worth, Waggoner Carr, Atty. Gen., Sam Kelley, Asst. Atty. Gen., Austin, for appellants.

Grady Fox, Amarillo, Small, Small & Craig, C. C. Small, Jr., Austin, for appellee.

HUGHES, Justice.

The parties to this case are the Railroad Commission of Texas, its members, Merchants Fast Motor Lines, Inc. and Curry Motor Freight Lines, Inc. All parties have appealed from portions of the judgment rendered below. We will refer to Curry as appellee and the Commission and Merchants as appellants unless otherwise indicated.

Suit in the court below was filed by Curry against the Commission and Merchants in the nature of an appeal from an order of the Commission granting, in part, Merchants' application to amend its Common Carrier Certificate No. 2024.

After a non-jury trial the court entered judgment from which, because of its informative and comprehensive character, we quote at length:

"on January 2, 1964, the Railroad Commission of Texas issued an amendment to Certificate No. 2024, which amendment granted the following authority:

'TO OPERATE: over an ALTERNATE ROUTE between Lubbock and Dimmitt as follows:

From Lubbock over U. S. Highway 84 to Littlefield; thence over U.S. Highway 385 to Dimmitt, serving no intermediate points, returning over the same route, and co-ordinating the service with that authorized under other certificates.

Restriction: This Alternate Route may not be transferred or sold except with the primary route';

(4) that the effect of such order and the amendment so issued to such certificate is to create a new common carrier motor carrier service and to authorize Merchants Fast Motor Lines, Inc. to operate a new route in the transportation of freight between Amarillo and Lubbock over U. S. Highway 84 between Lubbock and Littlefield, over U. S. Highway 385 between Littlefield and Vega, and over U. S. Highway 66 between Vega and Amarillo by reason of the authority granted to co-ordinate with other authority;

(5) that the plaintiff, Curry Motor Freight Lines, Inc., depends to a substantial degree upon revenue derived from the transportation of freight between Amarillo and Lubbock to support its operations as a common carrier motor carrier and to render service to the public over its system, and the effect of such order and certificate amendment is to create new and intensive competition for plaintiff which will ultimately impair its continuing ability to render effective public service;

(6) that there is no express finding by the Railroad Commission of Texas

that the public convenience and necessity requires such a new service and that Merchants Fast Motor Lines, Inc. have such a new route between Lubbock and Amarillo;

(7) that there is no substantial evidence to support either an express or implied finding by the Railroad Commission of Texas that the public convenience and necessity requires such a new service and that Merchants Fast Motor Lines, Inc. have such a new route between Lubbock and Amarillo;

(8) that to the extent that such order of October 25, 1963, and the certificate amendment of January 2, 1964, create a new service and authorize Merchants Fast Motor Lines, Inc. to operate a new route in the transportation of freight between Amarillo and Lubbock over U. S. Highway 84 between Lubbock and Littlefield, over U. S. Highway 385 between Littlefield and Vega, and over U. S. Highway 66 between Vega and Amarillo, the same are unreasonable and unjust as to the plaintiff, Curry Motor Freight Lines, Inc., in the absence of substantial evidence to support the grant of such new service and new route;

(9) that insofar as said order of October 25, 1963, and the certificate amendment of January 2, 1964, authorize Merchants Fast Motor Lines, Inc. to transport freight between Lubbock and Hereford and between Lubbock and Dimmitt over a new route, such route being from Lubbock to Littlefield over U. S. Highway 84, from Littlefield to Hereford and Dimmitt over U. S. Highway 385 serving no points except Lubbock, Hereford and Dimmitt, the same are supported by substantial evidence and to such extent such order and certificate amendment are not unreasonable and unjust as to the plaintiff, Curry Motor Freight Lines, Inc. Accordingly, it is

ORDERED, ADJUDGED AND DECREED by the Court that said order of October 25, 1963, entered in Docket No. 2024 and the amendment to Certificate No. 2024 issued January 2, 1964, pursuant thereto be and the same are hereby set aside and cancelled insofar as the same may authorize Merchants Fast Motor Lines, Inc. to transport freight between Amarillo and Lubbock over the following route:

over U. S. Highway 84 between Lubbock and Littlefield, over U. S. Highway 385 between Littlefield and Vega, and over U. S. Highway 66 between Vega and Amarillo,

and that the Railroad Commission of Texas be, and it is hereby restrained and enjoined from issuing any certificate to Merchants Fast Motor Lines, Inc. pursuant to said order of October 25, 1963, which has the effect of authorizing Merchants Fast Motor Lines, Inc. to transport freight between Amarillo and Lubbock over the above described route, but without prejudice, however, to the right of the Railroad Commission of Texas to issue an amended order and an amendment to Certificate No. 2024 authorizing Merchants Fast Motor Lines, Inc. to transport freight between Lubbock and Hereford and between Lubbock and Dimmitt serving no other points over the following route:

over U. S. Highway 84 between Lubbock and Littlefield, over U. S. Highway 385 between Littlefield and Hereford;

And it is further ORDERED, ADJUDGED AND DECREED by the Court that the defendant, Merchants Fast Motor Lines, Inc., its agents and employees, be, and they are hereby permanently restrained and enjoined from conducting any common carrier motor carrier operations for the transportation of freight between Amaril-

lo, Texas, and Lubbock, Texas, over the following route:

over U. S. Highway 84 between Lubbock and Littlefield and over U. S. Highway 385 between Littlefield and Vega and over U. S. Highway 66 between Vega and Amarillo under the order of October 25, 1963, and the Certificate amendment of January 2, 1964, made and issued by the defendant, Railroad Commission of Texas, in Motor Carrier Docket No. 2024;"

Other Common Carrier Certificates owned by Merchants authorized it to operate between Dimmitt and Amarillo via Hereford and Vega. By coordinating this service with the authority granted by the Amendment to Certificate 2024 to operate between Lubbock and Dimmitt, the order authorized Merchants to operate between Lubbock and Amarillo on a much shorter route.

Prior to the Commission order of January 2, 1964, Merchants' route between Lubbock and Amarillo was via Guthrie, Paducah, Childress and Clarendon, a distance of 266 miles. Following the order of January 2, 1964, Merchants' route from Lubbock to Amarillo via Dimmitt and Vega was 164 miles, a saving in distance of 102 miles.[1] The evidence shows that in round trips between Lubbock and Amarillo Merchants would, by using the shorter route, save in road costs only $67.32.

The trial court, as disclosed by its judgment, has stricken from the order of the Commission the provision for coordinating the authority expressly granted with other certificates held by Merchants the effect of which is, as shown above, to shorten the Lubbock-Amarillo haul by 102 miles, with resulting cost savings.

Merchants, by its first point, contends that the trial court was without authority to so amend the order of the Commission, citing opinions of this Court in Merchants Fast Motor Lines v. Newman, Tex.Civ.App., 236 S.W.2d 646, writ ref., n. r. e. and in Railroad Commission of Tex., v. Missouri Pacific Transp. Co., Tex.Civ.App., 293 S.W. 2d 114, writ ref., n. r. e., and Texas Motor Coaches v. Railroad Commission, 123 Tex. 517, 73 S.W.2d 511.

Curry has a counterpoint to this contention which is that the effect of the amended order of the Commission is to create a new common carrier motor service between Amarillo and Lubbock and to authorize Merchants to transport freight over it, there being no substantial evidence to support the order.

Curry questions the sufficiency of the order of the Commission as to its findings regarding public convenience and necessity for a new motor common carrier freight service between Amarillo and Lubbock. We need not determine this question for the reason that, in our opinion, the service authorized between Lubbock and Amarillo is a new service and the need therefor is not reasonably supported by substantial evidence.

There can be no doubt that the authority granted to Merchants when coordinated with the authority it already possessed resulted in the operation of a new motor freight service by it from Lubbock to Amarillo via Dimmit and Vega. Merchants had never been authorized to transport freight over this route prior to the January 2, 1964, amendment of its Certificate 2024. It was, therefore, a new service.[2] Railroad Commission of Texas v. Jackson, 157 Tex. 32, 299 S.W.2d 266.

Merchants bases its showing of substantial evidence to support findings of public

---

1. The use of any Texas Highway map will facilitate an understanding of the routes involved.

2. Merchants concedes as much when it says in its brief, "The fact that this (coordination of authorities) incidentally creates new routes is beside the point."

need upon evidence which it contends will show that its service will be "more reliable, more economical and more safe, and that by improving its service in these particulars, Merchants will fulfill a public need."

We quote from Merchants' brief its summation of the evidence tending to establish that the new route will give it greater reliability.

"The route via Guthrie and Childress covers 266 miles, while the alternate route via Dimmitt and Vega covers only 164 miles. Merchants operated over the circuitous route nightly, leaving Lubbock at 11:00 p. m., arriving in Amarillo at 6:15 a. m.; leaving Amarillo at 6:00 p. m., and arriving in Lubbock at 1:15 a. m. The circuitous route takes seven hours and fifteen minutes each way, leaving very little margin for error. By using the alternate route, which is 102 miles shorter, Merchants is able to improve its arrival time at both termini. This gives it greater assurance that it can actually give overnight service, despite inclement weather, flat tires, loading problems, or breakdowns. While no one recalled Merchants actually being delayed for any of these reasons, experience shows that such delays do occur frequently. It seems obvious that greater assurance in making on time deliveries would benefit the public, and public witnesses so testified. For example, Clois Cobb, Jr., who is in charge of outbound shipments for Gifford Hill Western Company in Lubbock, gave the following testimony:

'Q. They (Merchants) also propose to operate over a shorter route between Lubbock and Amarillo so that would give them greater leeway in effecting on time deliveries. Do you feel, sir, that that is of benefit to your company?

A. I do.' "

The evidence establishes beyond question that Merchants can operate over the new route between Amarillo and Lubbock at less cost than over the former and longer route. The cost savings are shown to be about $21,000.00 annually.

Merchants' vice president, Mr. Doyle Armstrong, testified that this saving benefits the public in that it permits Merchants to provide better service and equipment at all points.

We quote in full Merchants' statement of the evidence tending to establish that the new shorter route would promote safety of operations.

"There is also evidence that the route between Lubbock and Amarillo via Dimmitt is an easier one over which to operate and a safer one from the standpoint of accident exposure. There can be no doubt that a safer operation will fulfill a public need."

At the time this matter was heard by the Commission, Merchants was transporting freight between Amarillo and Lubbock over a route from Amarillo to Childress over U. S. Highway 287; thence from Childress to Guthrie over U. S. Highway 83; thence from Guthrie to Lubbock over U. S. Highway 62, a round trip distance of 523 miles. Merchants was offering the public overnight service between Amarillo and Lubbock over this route each and every day and as far as Merchants' management is aware, they had never failed to actually render overnight, first morning delivery between Amarillo and Lubbock since commencing such service in 1959. Merchants provided pick up and delivery service at each point commencing at 8:00 with thirteen or fourteen pickup trucks at each place. During this period of time no known complaint had been made about the performance of this service.

It is further shown that when this matter was heard by the Commission, Curry was operating its schedules No. 48 and No. 49 which leave Amarillo and Lubbock respec-

tively at 11:30 a. m., arriving at the opposite points at 3:30 affording a same day pickup and delivery service between Amarillo and Lubbock both ways. Curry was operating its schedule No. 1 from Amarillo to Lubbock and schedule No. 2 from Lubbock to Amarillo offering overnight service over U. S. Highway 87, a round-trip distance of 240 miles. Curry had nine pickup and delivery trucks equipped with two-way radios, at least nine trailers, two or more local tractors and switch tractors at all times based in Amarillo and nine pickup and delivery trucks with two-way radio communications, two trailers and six semi-trailers based in Lubbock. Curry's pickup crews were operating fourteen hours every day, except Saturdays and Sundays and on Saturdays crews from 7:00 a. m., to 6:00 p. m., in both places. Curry starts local delivery at 8:00 a. m. on inbound freight and has it delivered usually by 11:30 a. m.

When this matter was before the Commission, the evidence shows that Santa Fe Trail Transportation Company was offering next day service between Amarillo and Lubbock in both directions (i. e., freight picked up today will be delivered the following day) over U. S. Highway 87, a round-trip distance of 240 miles. Santa Fe had five pickup trucks and a pickup trailer and three road trailers stationed at Lubbock and three pickup trucks, one pickup trailer and one pickup tractor at Amarillo. In Lubbock and Amarillo Santa Fe's pickup and delivery men started working at 7:00 and were on duty until 6:00 five days a week, and on Saturday until the work is done. Generally inbound freight in both Amarillo and Lubbock was delivered by noon.

The evidence also shows that when this application was heard Sunset Motor Lines had schedules on file with the Commission indicating a daily service between Amarillo and Lubbock overnight and Texas-New Mexico Coaches, a bus line, had six schedules daily each way between Lubbock and Amarillo and was authorized to carry

packages of freight up to 150 pounds in weight on its passenger busses.

In addition, at such time, the Santa Fe Railroad was providing railroad freight service between Amarillo and Lubbock and, according to the testimony of appellants' witnesses, Lang Transit Company was providing satisfactory service between Amarillo and Lubbock.

Neither Curry nor Santa Fe are operating at capacity between Amarillo and Lubbock. The new short route will give Merchants a competitive advantage and will enable Merchants to cut Curry's Amarillo-Lubbock revenues by as much as 25 per cent, which in turn will cause Curry to have to curtail its operations drastically. Such a reduction in revenue would put Curry into an operating loss position.

Under the new grant of authority, Merchants proposes no basic change whatsoever in the type of service it holds out to the public between Amarillo and Lubbock.

In refutation of the finding by the trial court of a lack of substantial evidence to show a public need that Merchants have a new route between Lubbock and Amarillo, appellant states that, "The Court may have been looking for evidence that the services of an additional carrier were needed. However, the Commission's order does not allow an additional carrier to operate, for Merchants was already operating between Lubbock and Amarillo—via Guthrie and Childress."

Since no additional carrier was provided by the Commission for public use between Amarillo and Lubbock, what benefit does the public receive from the shorter route between these cities granted to Merchants by the Commission?

The evidence is undisputed that the public will not receive any different type of freight service between these points than the public is now receiving. The evidence shows that Merchants is now giving overnight service wtih early morning delivery between these cities, and that similar serv-

ice is now being furnished by Curry and Santa Fe and other carriers.

The contention that Merchants, by reason of this shorter route, will be able to give the public more "reliable" service is not substantial. The evidence is that the service now rendered by Merchants is reliable. The evidence is that it always runs on schedule.

Neither do we consider the "safety" and "economical" factors to constitute a substantial showing of public need for this shorter route. Of course, the shorter a route between two points is the cheaper in operating costs. The savings in costs would be enjoyed principally by Merchants. They would be realized in a large part from their competitors. The public benefit, if any, would be minuscule.

All of the evidence bearing on the comparative safety of the old and new routes is a highway density map of the area which is not interpreted by a witness and testimony that the new route would "be an easier route over which to operate and a safer one from the standpoint of accident exposure."

This evidence is too insubstantial to warrant a finding of public convenience and necessity for a grant of authority to operate over the shorter and highly competitive route. There is no evidence of accidents on the old route, nor is it shown to be a dangerous route.

We are convinced that substantial evidence does not reasonably support a finding of public convenience and necessity for the coordinated route between Amarillo and Lubbock. Merchants argue, however, that this coordinated service is necessary to sustain the basic grant of authority to operate between Lubbock and Dimmitt. Appellants say, "Dimmitt needs service out of both Lubbock and Amarillo; therefore a route between Lubbock and Amarillo via Dimmitt is justified even in the absence of an independent need for through service."

We do not find that this contention was made by Merchants in its application to the Commission or that it was considered by the Commission. Certainly the language of the Commission's order cannot be construed so as to include it. The basic authority granted was "from Lubbock * * to Littlefield * * * to Dimmitt * * * serving no intermediate points, returning over the same route. * * *" Substantial evidence must support this basic grant of authority, a point we will later consider. If, as we hold, there is substantial evidence to support this portion of the Commission's order, then the argument that the short route between Amarillo and Lubbock must be sustained in order to uphold the basic grant of authority falls of its own weight.

Merchants cites Texas Motor Coaches v. Railroad Commission, 123 Tex. 517, 73 S.W.2d 511, to sustain its position. In this case the Commission authorized a motor bus to operate over a new route between Dallas and Fort Worth, the intervening towns on the new route being without any bus service. The protest of a motor bus between the same cities over another route was overruled. In the present case the need for additional service between Lubbock and Dimmitt does not extend to or include service between Amarillo and Lubbock.

Also cited is Railroad Commission of Texas v. Missouri Pacific Transp. Co., 293 S.W.2d 114, Austin C.C.A. This case merely holds that a through bus service conditioned upon the rendition of local service is valid and that if the Commission should authorize local service to be curtailed the carrier would have to show a public need for the through service. The relevancy of this case here is not apparent.

Merchants also relies heavily upon Merchants Fast Motor Lines v. Newman, 236 S.W.2d 646, Austin C.C.A., writ ref., n. r. e. We held there that needed coordinated service between Abilene and other points served by Newman could not be defeated because of incidental overlapping of service

on some segments of the route on which segments additional service was not shown to be needed. We were careful to note in this opinion that, "In affirming the validity of the Newman certificate we have borne in mind the absence of any evidence showing that the grant of this additional authority to Newman would cause hardship to appellants or interfere with the services which they are now rendering." How different is the situation now presented. The trial court's finding that the effect of the certificate amendment, allowing a short route for Amarillo-Lubbock freight, "is to create new and intensive competition for plaintiff which will ultimately impair its continuing ability to render effective public service," is not questioned. We believe the rule of Newman that sustains unneeded duplication of service on small segments of a needed longer route does not require duplication of unneeded service over a longer route in order to grant needed service on an interior route when to do so would impair the service of other carriers, there being no showing that the needed interior service cannot be otherwise rendered.

There is substantial evidence in the record to support the grant of coordinated authority to Merchants to transport freight between Lubbock and Hereford and Lubbock and Dimmitt. This evidence consisted of testimony by witnesses that only second day delivery service to Hereford and Dimmitt out of Lubbock was furnished by other carriers. This testimony was rebutted by evidence that in some instances, at least, first day delivery service was rendered. However, there is undisputed testimony that deliveries were made in Dimmitt in open-air vans, even in inclement weather, often late in the day, and occasionally by a woman who would not unload the freight. On some occasions consignees were required to pick up their own freight from the local depot unless they cared to wait until the next day for delivery. Deliveries in Hereford were made late in the day, and there were complaints of shortages in and damages to freight shipments to Hereford.

We overrule the point made by Curry on its appeal from the judgment rendered below.

Merchants filed a motion for summary judgment on the whole case, which the trial court overruled. It complains of this action. We overrule this point.

Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396, is authority for an appellate court to consider and grant a motion for summary judgment which has been denied in the trial court when both parties have moved for summary judgment and one is granted and the other denied. In our case Curry did not move for summary judgment and no summary judgment was granted; the rule of Tobin is inapplicable.

An appeal is before us from a final judgment made after a full hearing in accordance with procedures regulating judicial reviews of administrative decisions. This appeal has resulted in a determination by us that Merchants, as shown by the record, is not entitled to prevail completely in this suit. Under these conditions, we would not, even if we have the authority, reverse the judgment below and render judgment for appellant on the ground that its motion for summary judgment should have been sustained.

The judgment of the trial court is affirmed.

Affirmed.