**STATE of Missouri, Respondent,**

v.

**Jerry Dean WILLIAMS, Appellant.**

No. 39238.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 19, 1978.

Robert A. Hampe, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Charles D. Sindel, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Judge.

Defendant appeals from her conviction for second degree murder, contending the trial court erred in admitting a prior consistent statement made by a state's witness, and in excluding her evidence that other persons had motives to kill the victim.

During the night of October 19, 1975 defendant Geraldine Williams visited a tavern and became embroiled in an argument with Sabrina Wortham, the murder victim. Robert Henry, a member of the band at the tavern, intervened and restrained defendant, holding her by the arm; but released her at her boyfriend's request. The defendant then disappeared from Henry's view in the crowd. Henry testified he did not at that time see a knife on defendant's person but that later, upon hearing screams from the far end of the room he saw defendant emerge from the crowd carrying a knife as she left the tavern.

Defendant was also seen by Eddie May, a disc jockey for the tavern. He testified he saw defendant approach the victim, who was attempting to flee, when defendant made a stabbing motion and struck the victim in the back. He saw no knife, however, until defendant pulled her hand away from the victim. Defendant walked off into the crowd as the victim fell. Mr. May heard the victim say, "She stabbed me. She stabbed me in the back."

Defendant does not challenge the sufficiency of the state's evidence.

As to the challenged prior consistent statement by Robert Henry: During the state's direct examination Robert Henry testified he had seen defendant leave the tavern carrying a knife shortly after having heard screams from the far end of the room. Defense counsel attempted to impeach Mr. Henry by using a police report containing the statement Mr. Henry had given the night of the murder. On cross examination Mr. Henry was asked whether he told police he did not see a stabbing, nor did he see a knife on defendant's person. Mr. Henry answered that although he had told police he did not see the stabbing, he did explain he had seen defendant leave while carrying a knife. On re-direct examination, Mr. Henry repeated this statement. After having read the police report, he also testified that it failed to include that portion of his statement. Then the state showed, over defense objection, that Mr. Henry had testified before the grand jury that he had seen defendant carrying a knife as she left the tavern. This was consistent with his trial testimony. Defense counsel renewed his objection the next day and asked for a mistrial. The trial court denied that request but did instruct the jury to disregard Mr. Henry's testimony as to what he had told the grand jury about a knife in defendant's possession.

Generally, evidence of a witness' prior consistent statement is admissible only when a later statement has been impeached. *McElhattan v. St. Louis Public Service Co.,* 309 S.W.2d 591[2] (Mo.1958). Evidence of a prior consistent statement, used to shore up a witness' credibility, is admissible only for the purpose of rehabilitating an impeached witness. *State v. Maggard,* 250 Mo. 335, 157 S.W.2d 354[9–10] (1913). The first consideration is whether impeachment has, in fact, been effected.

This determination is left largely to the discretion of the trial court. *Nielsen v. Dierking,* 418 S.W.2d 146[3] (Mo.1967). What we see here is a trial court apparently uncertain as to whether there had been an effective impeachment, ultimately deciding there was no such impeachment, and, in an attempt to correct its error, admonishing the jury to disregard the challenged evidence.

Whether a trial court has abused its discretion in refusing to declare a mistrial depends on the particular facts of the case. *State v. Dennison,* 428 S.W.2d 573[4] (Mo.1968). To reverse, it must appear that the prejudice was so great it could not be removed by other means. *State v. Johnson,* 504 S.W.2d 23[7] (Mo.1973). This has not been demonstrated here. The trial court acknowledged the initial error and removed any resultant prejudice by instructing the jury. It does not appear that the potential for prejudice was so great as to be remedied only by a mistrial and since no abuse of discretion appears, we deny defendant's first point.

As her second point, defendant points to the trial court's refusal to admit evidence by cross examination that other persons present in the tavern had both the motive and opportunity to kill the victim. During cross examination of state's witness Rita Franklin, defense counsel asked her if the victim was responsible for the scar on her cheek. The state objected and defense counsel offered to show that the answer to the question would be yes. By way of explanation, defense counsel stated the evidence was relevant because it would tend to establish the victim's propensity for violence, thereby demonstrating that other persons present in the tavern had both the motive and opportunity to stab the victim. The trial court sustained the objection and refused to admit the proffered evidence.

Evidence that another person had an opportunity or motive to commit the crime for which defendant stands charged is inadmissible absent a foundation that the third person committed some act directly connected with the crime. *State v. Um-*

*frees,* 433 S.W.2d 284[4] (Mo.1968). Evidence of disconnected or remote acts is not admissible for this purpose, nor is evidence which serves only to cast bare suspicions or raise conjectural inferences of another's guilt. *Umfrees,* supra; *Love,* supra. Evidence which merely demonstrates that a person at the scene of the crime has previously been involved in fights with the defendant does not constitute evidence of an act directly connected with the crime itself. The victim's proclivity for violence was not an issue before the trial court and hence, standing alone, was irrelevant.

Finally, defendant contends the testimony of Rita Franklin as to who had cut her face was admissible to demonstrate her possible bias, her theory being that if Rita Franklin had murdered the victim, it would behoove her to testify against the defendant. However, defense counsel's objection at trial to the exclusion of this evidence made no mention of the potential for bias, nor does her motion for new trial. On appeal, a defendant may not broaden the scope of his trial objection. *Plumlee v. Ramsay Dry Goods Co.,* 451 S.W.2d 603[4] (Mo.App.1970). The objection to admissibility of evidence must be specific and contain proper grounds, otherwise there is nothing to review. *Negley B. Calvin, Inc. v. Cornet,* 427 S.W.2d 741[6] (Mo.App.1968). Defendant failed to preserve the issue of bias so this point is denied.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.